Richard Fowlkes appeals from the granting of a motion to dismiss Liberty Mutual Insurance Company in an action brought by Fowlkes against Liberty Mutual and others for personal injuries sustained when a furnace exploded. We affirm.
Fowlkes had been an employee of Airco Alloys Carbide Corporation since 1970. At the time of the accident he was employed in the position of furnace operator. His duties consisted of monitoring the pressure of the furnace and shutting it down if it exploded or erupted. The potential of explosion stemmed from the fact that the furnace was used in a manganese process although it had been designed for a pig-iron process.
On October 28, 1972, as Fowlkes was working in the control room, the furnace erupted and spewed forth fire, smoke, carbon monoxide and molten metal. Fowlkes shut the furnace down and sought an escape route from the furnace area. To perfect his escape, Fowlkes had to jump from the lower end of a suspended staircase to the railroad tracks thirty feet below. He alleges that as a result of this jump, he has sustained severe, painful and permanent injuries which have reduced his earning capacity, caused him pain and anguish and have caused him to incur medical expenses.
On October 5, 1973, Fowlkes filed his original complaint against the Frank C. Huber Company, a construction company which had performed extensive work in Airco's plant, including maintenance and alterations on the furnace; and against four unknown defendants designated as John Doe I through John Doe IV. These defendants were described as "persons, partnerships or corporations whose names, identities, and places of business are unknown to the plaintiff, but will be added by amendment when this information is ascertained." Fowlkes alleged that these defendants were responsible for the manufacture, sale or maintenance of the equipment, fixtures and premises where Fowlkes was employed.
In February of 1976, Fowlkes filed an amended complaint substituting DeMag Electro Metelurgy (a/k/a and d/b/a DeMag Baumaschinen, a German corporation, and DeMag American Corporation, a corporation) for John Doe I.
On September 12, 1977, Fowlkes again moved to amend his complaint. This motion *Page 805 
was granted and Liberty Mutual Insurance Company was substituted for John Doe II. Counts three, four and five, alleging negligence, breach of contract and willful and wanton conduct, were added in this amended complaint.
On January 17, 1978, Liberty moved for an order dismissing Fowlkes' complaint with prejudice on the ground that the complaint failed to state a claim upon which relief could be granted. Liberty moved in the alternative for summary judgment on the ground that no genuine issue of material fact had been presented. Both the motion to dismiss and that for summary judgment were based upon the contention that counts three, four and five were barred by a one-year statute of limitations.
On February 24, 1978, Liberty's motion to dismiss was granted as to count five. Three days later a motion to dismiss was granted as to counts three and four, without prejudice. Fowlkes was given twenty days within which to amend.
Fowlkes amended his complaint by adding count six, a negligence claim, and count seven, a contract claim.
Liberty again filed a motion to dismiss, or, in the alternative, for summary judgment, on the basis that counts six and seven of the amended complaint were barred by a one-year statute of limitations. On January 9, 1979, counts six and seven were dismissed with prejudice.
The trial court denied Fowlkes' motion for reconsideration of counts six and seven and he now appeals to this Court, seeking relief from the trial court's dismissal of counts three through seven.
The issue presented for our consideration is whether these counts properly relate back through Fowlkes' compliance with Rule 9 (h), ARCP.
Counts three and six of Fowlkes' amended complaint allege Liberty was negligent in undertaking to provide safety inspections and safety programs. Liberty contends that these counts are barred by the one-year statute of limitations applicable to personal injury actions. Code 1975, § 6-2-39
(a)(5). Counts four and seven are contract counts which Liberty also contends are barred by the same statute. Lastly, Liberty contends count five, which is for Liberty's alleged wantonness in their safety inspections, is actually for trespass on the case and is barred by the same one-year statute of limitations.
It is Fowlkes' contention that these counts should not be barred as he has made proper use of Rule 9 (h), ARCP, which permits fictitious party practice. This rule states:
 Fictitious parties. When a party is ignorant of the name of an opposing party and so alleges in his pleading, the opposing party may be designated by any name, and when his true name is discovered, the process and all pleadings and proceedings in the action may be amended by substituting the true name.
Under rule 15 (c), ARCP, an amendment pursuant to Rule 9 (h) relates back to the date of the original pleading.
Liberty contends that Fowlkes' negligence claims do not relate back under Rule 9 (h) as he knew of Liberty's alleged involvement at the time the original complaint was filed. Therefore, Liberty claims that Fowlkes was not ignorant within the meaning of Rule 9 (h).
We need not address this contention, however, as we find that Fowlkes' claim of negligent inspection as set out in his amended complaint is barred by the one-year statute of limitations.
This Court has recently interpreted Rule 9 (h) in Browning v.City of Gadsden, 359 So.2d 361 (1978), wherein we stated that
 the principal area of operation of [Rule 9 (h) and its statutory predecessor Tit. 7, § 136] is in emergency cases where neither the name nor the identity of the defendant is known, as where the cause of action is known but the party liable is not, and there is urgent need to get service of process upon the party against whom the plaintiff has an action, or there is need for immediate seizure of property. *Page 806 McKelvey-Coats Furniture Co. v. Doe, 240 Ala. 135, 198 So. 128 (1940); Roth v. Scruggs, 214 Ala. 32, 106 So. 182 (1925). [Emphasis added.]
It is clear from this statement that Rule 9 (h) is not intended to operate when the cause of action is unknown, but operates only when the identity of the adverse party is unknown. Thus, in order for a plaintiff to invoke Rule 9 (h) and 15 (c), the plaintiff must at the very least state a cause of action in his complaint against the fictitious party.
We find that Fowlkes has failed to satisfy this requirement. In his original complaint, filed in 1973, Fowlkes did not allege that any defendant, named or fictitious, had negligently inspected the premises. The first time he raised this claim was when he amended his complaint four years later. Thus, the trial judge correctly found that the negligent inspection claim was time-barred.
Furthermore, we have studied the alleged contract counts very carefully and do not discern from the averments a valid contract claim.
For the foregoing reasons, the order of the trial court is hereby affirmed.
AFFIRMED.
TORBERT, C.J., MADDOX, FAULKNER, JONES, ALMON, SHORES and EMBRY, JJ., concur.
BEATTY, J., not sitting.