Charles HAMBY, a minor who sues by his father and next friend, Henry Hamby, Plaintiffs,

v.

ZAYRE CORP., et al., Defendants.

No. CV 82–P–1276–S.

United States District Court, N. D. Alabama, S. D.

Aug. 4, 1982.

Anthony L. Cicio, Cicio & Nolen, Birmingham, Ala., for plaintiffs.

Edgar M. Elliott, Rives & Peterson, Birmingham, Ala., for defendants.

## MEMORANDUM OF OPINION

POINTER, Chief Judge.

The central question before the court in this case is a recurring and vexing one: When is a case with fictitious defendants removable under 28 U.S.C. § 1446 on the basis of diversity jurisdiction? Hopefully, this opinion, which has been reviewed by all of the judges of this court to whom civil cases are regularly assigned, will provide guidance to the trial bar in navigating through these troubled waters.

This case was commenced in the Circuit Court of Jefferson County, Alabama on May 3, 1982, by Charles Hamby, a minor suing by his next friend and father. The complaint sought money damages against "the defendant," alleging that "the defendant" had committed unlawful arrest, imprisonment, and assault and battery. The caption of the complaint reflected that it was brought against "Zayre Corporation, et al." and the summons prepared by plaintiff's counsel reflected that the action was brought against "Zayre Corporation, a corporation, and W, X, Y, and Z, those persons, firms, partnerships, corporations, or associations responsible for the damages as set out in the complaint whose names are unknown to the Plaintiff at this time but will be added by amendment when ascertained."

The summons and complaint were served on Zayre on May 11, 1982. On June 4, 1982, Zayre filed with this court a petition for removal, asserting that it is a citizen of Massachusetts, that the plaintiff is a citizen of Alabama, and that the amount in controversy exceeds $10,000. Zayre does not attempt to account for the existence or citizenship of the fictitious parties, noting only that the complaint does not presently state a cause of action against any of them. In deciding whether to remand the case, the court must determine whether the inclusion of the fictitious parties under these circumstances precludes removal at the present time.

Essentially the same question, although in a different procedural context, was before the court in *Hyde v. Pennsylvania Life Insurance Co.*, CV 82–H–294–J. In that case the original state court complaint charged "the defendants" with fraudulent misrepresentations. The only named defendant was Pennsylvania Life, a non-resident of Alabama with citizenship diverse from that of the plaintiffs. The caption of the complaint indicated, however, that the case was also brought against "A, B, C . . . being those persons, firms and corporations liable to Plaintiffs for the claims hereinafter made whose true names and addresses are otherwise unknown to Plaintiffs at this time but will be added by Amendment when ascertained." In view of the inclusion of the fictitious parties, Pennsylvania Life did not file its petition to remove to federal court until it was advised by plaintiffs' counsel that no other defendants would be added—some 30 months after the original pleadings had been filed and served. The question before the court (Hancock, J.) was whether the case had been removable on the basis of the initial summons and complaint, for, if so, the petition to remove would have come too late under 28 U.S.C. § 1446(b).[1]

Twice before, this court has in reported decisions addressed the question of removability in the light of *Pullman Co. v. Jenkins*, 305 U.S. 534, 59 S.Ct. 347, 83 L.Ed. 334 (1939), and the rules in Alabama regarding

---

1. Ironically, the same attorney who represents Zayre represented Pennsylvania Life. He was understandably dismayed and mystified by the prospect that remand might be ordered in both cases, in the one for having filed too early and in the other for having filed too late. There are some differences in the complaints in the two cases that might justify retention in the federal court of both cases, but a remand of both cases could hardly be done with consistency.

joinder of fictitious parties. See *Baggett v. Alto Corp.*, 459 F.Supp. 989 (1978) (Hancock, J.); *Fidelity and Casualty Co. v. Safeway Steel Scaffolds Co.*, 191 F.Supp. 220 (1961) (Grooms, J.). In each case the court held that descriptions of fictitious parties in the caption of the initial complaint prevented the actions from being immediately removable. The decisions did not require that specific allegations be made in the body of the complaint against the fictitious defendants; they did, however, indicate by dicta that inclusion of fictitious parties in a manner which failed to identify them might not or would not destroy removability.

Since the opinion in *Baggett*, the Alabama Supreme Court has issued a decision which substantially affects the fictitious-party practice within the state. In *Fowlkes v. Liberty Mutual Insurance Co.*, 392 So.2d 803 (Ala.1980), it was held that, for an amendment substituting a real party for a fictitious party to relate back to the filing of the action for purposes of the statute of limitations,[2] "the plaintiff must at the very least state a cause of action in his complaint against the fictitious party." *Id.* at 806. In the case *sub judice*, it seems clear that the original complaint would not have had the effect of tolling the statute of limitations in the Alabama courts with respect to any fictitious parties under the rule stated in *Fowlkes*, and it is unclear whether the complaint in the *Hyde* case would have had that effect.

It is appropriate, particularly in view of *Fowlkes*, that this court reevaluate its position as to when a case with fictitious defendants becomes removable on the basis of diversity jurisdiction—assuming, of course, that the named defendants are non-residents of Alabama and of diverse citizenship from the plaintiffs. One option would be to hold that the citizenship of the fictitious defendants need be considered only if there are sufficient allegations in the complaint to satisfy the *Fowlkes* test for statute of limitations purposes. Another would be to hold that the citizenship of the fictitious defendants need be considered only if, in the initial pleadings, there is a description of the fictitious parties such as to make them identifiable—whether or not a cause of action is stated against them in the complaint. A third approach is to treat the fictitious parties as persons whose inclusion ordinarily prevents removal if in either the summons or complaint the plaintiff includes fictitious party defendants—whether or not they are identifiable from some description provided in the pleadings, and whether or not a cause of action is stated against them.

It is concluded that the third alternative—treating an action with fictitious parties as not immediately removable on the basis of diversity jurisdiction, regardless of the specificity of the description of, or of the charges against, such persons—should be adopted as the rule of this court. In reaching this result the court is persuaded by the reasoning in *Preseau v. Prudential Insurance Co. of America*, 591 F.2d 74 (9th Cir. 1979), and *Goldberg v. CPC Intern, Inc.*, 495 F.Supp. 233 (N.D.Cal.1980). As stated in the *Goldberg* decision (495 F.Supp, at 238):

"(1) A defendant's right to remove a diversity case to federal court should not turn on whether he guessed right as to the degree of identification in the complaint;

"(2) A plaintiff has no ground for complaint about the delay generated by a later removal because he has control over the naming as well as the dismissal of Does."

Under the rule adopted in this opinion, a defendant desiring to remove to federal court on the basis of diversity jurisdiction a case with fictitious parties is not obliged to petition for removal in the thirty days after service of the initial pleadings. The defendant may, if it desires, seek removal at that time by showing that any fictitious defendants are merely nominal parties, fraudulently joined to defeat federal juris-

---

**2.** The rule in Alabama for relation back of amendments (ARCP 9(h) and 15(C), is broader than that provided under FRCP 15(a).

diction, non-existent, or persons whose citizenship would not prevent removal—but it is not required to take such action. The defendant may wait to file its petition for removal until one of the occurrences listed in *Baggett v. Alto Corp.*, 459 F.Supp. 989 (N.D.Ala.1978), or some comparable event.[3]

It follows that *Hyde v. Pennsylvania Life* —in which the removal petition was filed within 30 days after the plaintiffs discontinued their claims against any fictitious defendants—was properly removed and that *Hamby v. Zayre* —in which the inclusion of fictitious defendants whose citizenship is not established prevents removal at this time—is due to be remanded to the state court for further proceedings, with the possibility that it may become removable at a later time.

The decision not to remand the *Hyde* case has already been reflected in an order of this court (Hancock, J., July 1, 1982). By separate order the court will direct remand to the state court of the *Hamby* case.

The undersigned hereby note our concurrence in the foregoing opinion.

> James H. Hancock
> J. Foy Guin
> E. B. Haltom, Jr.
> Robert B. Propst
> U. W. Clemon
> Seybourn H. Lynne
> District Judges

---

**3.** The present decision does not, of course, resolve all future questions regarding removability. Among the potential issues not addressed are the following: whether, by filing a "Certificate of Readiness" for trial, a plaintiff should be held to have at that time abandoned any claims against unserved parties, triggering the 30 day period for removal; whether an order dismissing fictitious parties for want of prosecution would render a case removable if there was complete diversity among remaining parties; whether claims against fictitious parties might, depending upon the allegations, be held "separate and independent" under 28 U.S.C. § 1441(c). It should also be noted that this opinion only deals with a situation where the sole basis for federal court jurisdiction is diversity of citizenship.