**Ronald Basil HART, Jr.,**
**Plaintiff-Appellant,**

v.

**YAMAHA–PARTS DISTRIBUTORS, INC., Yamaha International Corporation, Yamaha Motor Corporation, et al., Defendants-Appellees.**

**No. 84–7801.**

United States Court of Appeals, Eleventh Circuit.

April 28, 1986.

Mickey L. Johnson and Richard W. Bell, Bell & Johnson, Pelham, Ala., for plaintiff-appellant.

Thomas R. Elliott, Jr., London, Yancey, Clark & Allen, Birmingham, Ala., for defendants-appellants.

Before HILL and CLARK, Circuit Judges, and MOYE *, Chief District Judge.

HILL, Circuit Judge:

## FACTS

Appellant sued defendant Yamaha Motor Corporation, U.S.A. ("YMC/USA") and various fictitious defendants in Alabama state court for injuries he sustained as a result of a motorcycle accident. He rested his claim upon the Alabama Extended Manufacturers Liability Doctrine, negligence and willful misconduct in the defective design and manufacture of the motorcycle.

Alabama permits fictitious party pleading. Ala.R.Civ.P. 9(h). The "plaintiff must be ignorant of the identity of the fictitious party when he files the original complaint and he must state a cause of action against the fictitious party in the body of the original complaint." *Kinard v. C.A. Kelly and Co.*, 468 So.2d 133, 135 (Ala.1985).

> [T]hereafter, when he ascertains the true identity of the defendant, he may amend his pleadings and substitute the party's true name for the fictitious one. An amendment pursuant to Rule 9(h) substituting the defendant's true name for a fictitious one is not an amendment changing the party against whom a claim is asserted. The substitution of a named defendant for a fictitious one relates back to the date of the original pleading.

*Id.* (citations omitted).

In response, YMC/USA identified several of the fictitious defendants described in the complaint, including appellees Yamaha International Corporation ("Yamaha International") and Yamaha Parts Distributors, Inc. ("Yamaha Parts"), removed the action to federal district court and filed a motion to dismiss. The inclusion of fictitious defendants prevents immediate removal on the basis of diversity jurisdiction, but a named defendant may seek removal "by showing that any fictitious defendants are

---

* Honorable Charles A. Moye, Jr., Chief U.S. District Judge for the Northern District of Georgia, sitting by designation.

merely nominal parties, fraudulently joined to defeat federal jurisdiction, non-existent, or persons whose citizenship would not prevent removal...." *Hamby v. Zayre Corp.*, 544 F.Supp. 176, 178–79 (N.D.Ala. 1982). It was therefore necessary for YMC/USA to specifically identify the fictitious defendants or otherwise show their diversity of citizenship before removing this action to federal court. In addition to Yamaha International and Yamaha Parts, YMC/USA also identified Yamaha Motor Company, Ltd., a Japanese corporation which does no business in the United States, and asserted that the remaining unidentified fictitious defendants were also Japanese citizens. Yamaha Motor Company, Ltd. represented several categories of fictitious defendants, including that of YMC/USA's parent company.

The principal basis of YMC/USA's motion to dismiss was that YMC/USA was not in existence when the motorcycle was distributed. After conferring with both parties, the district court dismissed the action with prejudice. For presumably tactical reasons, appellant did not contest this dismissal. Because the action was removed to federal court, apparently appellant feared he had lost the benefit of the Alabama fictitious party pleading rule. The statute of limitations applicable to the original action had expired and appellant's counsel was apparently concerned that he would be unable to bring in the newly discovered defendants under Fed.R.Civ.P. 15(c).

Appellant subsequently filed the present breach of warranty action, also in Alabama state court, against YMC/USA, Yamaha Parts, Yamaha International and various fictitious defendants. The defendants again identified and described the fictitious defendants and removed the case to federal district court where they filed a motion for summary judgment based on res judicata, collateral estoppel and failure to give timely notice of breach of warranty. The district court took judicial notice of all pleadings and orders in the earlier action and granted summary judgment, holding defendants were entitled to summary judg-

ment on all three grounds. Appellant appeals from this judgment.

## DISCUSSION

### I. RES JUDICATA

Res judicata is a doctrine of claim preclusion; it refers to "the preclusive effect of a judgment in foreclosing relitigation of matters that should have been raised in an earlier suit." *Migra v. Warren City School District Board of Education*, 465 U.S. 75, 77 n. 1, 104 S.Ct. 892, 894 n. 1, 79 L.Ed.2d 56 (1984). Although both actions were based on state law and originally brought in state court, we apply federal common law because we are determining the preclusive effect of a federal judgment. *See, e.g., Precision Air Parts, Inc. v. Avco Corp.*, 736 F.2d 1499, 1503 (11th Cir.1984), *cert. denied,* —— U.S. ——, 105 S.Ct. 966, 83 L.Ed.2d 970 (1985). For res judicata to bar appellant's second action, four elements must be present: (1) a final judgment on the merits, (2) rendered by a court of competent jurisdiction, (3) the parties, or those in privity with them, must be identical in both suits, and (4) the same cause of action must be involved in both cases. *Ray v. Tennessee Valley Authority*, 677 F.2d 818, 821 (11th Cir.1982), *cert. denied,* 459 U.S. 1147, 103 S.Ct. 788, 74 L.Ed.2d 994 (1983) (quoting *Stevenson v. International Paper Co.*, 516 F.2d 103, 108 (5th Cir.1975).

### A. *Claim Against YMC/USA*

■ Res judicata clearly bars the present action against YMC/USA. Appellant concedes YMC/USA was a party in both cases and that judgment was rendered by a court of competent jurisdiction. A dismissal with prejudice operates as a judgment on the merits unless the court specifies otherwise. Fed.R.Civ.P. 41(b). *See, e.g., Weissinger v. United States*, 423 F.2d 795, 798 (5th Cir.1970). Appellant cannot avoid preclusion by grounding his second action on a different theory of liability. Claim preclusion "extends not only to the precise legal theory presented in the previous litigation, but to all legal theories and claims arising out of the same 'operative nucleus of fact.'" *Olmstead v. Amoco Oil*

*Co.*, 725 F.2d 627, 632 (11th Cir.1984). Both actions arise from the same motorcycle accident and are merely different theories of liability for alleged defects in the motorcycle's design and/or manufacture. We therefore affirm the district court's judgment in favor of YMC/USA.

### B.  *Claims against Yamaha Parts Distributors, Inc. and Yamaha International Corporation*

The first, second and fourth elements of res judicata are also satisfied with respect to Yamaha Parts and Yamaha International for the reasons stated above. The only element at issue is whether these entities were either parties to the original action or in privity with a party.

#### 1.  *Parties.*

Neither Yamaha Parts nor Yamaha International was expressly named as a defendant in the original action. Nonetheless, this factor is not determinative; the issue is complicated by the Alabama fictitious party pleading rule. Defendants argue Yamaha Parts and Yamaha International became parties to the original action before removal by virtue of identification by YMC/USA. The district court found that Yamaha Parts and Yamaha International were parties to the prior action because they "fully intended to expose themselves to a consideration of the merits of plaintiff's claim against them ... by allowing [YMC/USA] to substitute them for two of the fictitious defendants as described." (R1–11–40). Under the Alabama fictitious party rule, however, substitution occurs when a plaintiff who has designated defendants by fictitious names amends the complaint to substitute the defendant's true name for the fictitious one. *See e.g., Kinard v. C.A. Kelly and Co.*, 468 So.2d 133, 134–35 (Ala.1985). Appellant never amended his pleadings to substitute Yamaha Parts or Yamaha International; it was defendant YMC/USA who identified these entities in connection with its removal petition. This identification was sufficient under *Hamby v. Zayre Corp.*, 544 F.Supp. at 178–79, to show that the fictitious parties were entities whose citizenship would not prevent removal, but *Hamby* does not hold that persons so identified automatically become parties to the action. YMC/USA does not cite any authority, nor can we find any, to support its contention that a defendant's uncontradicted identification of fictitious parties brings the named persons in as parties without substitution under Ala.R.Civ.P. 9(h).

Even if we accept YMC/USA's argument that the affidavit identifying Yamaha Parts and Yamaha International brought them in as named but unserved defendants, they would not be "parties" for res judicata purposes. A party is one who is both named as a party to the action and subjected to the court's jurisdiction. Restatement (Second) of Judgments § 34 (1980). Persons become subject to a court's jurisdiction in one of several ways. One may voluntarily subject oneself to the court's jurisdiction "by making an appearance or participating in the action in a manner that has the effect of an appearance. In the absence of such a submission to the jurisdiction of the court, to become a party a person must be served with process or its equivalent...." *Id.* comment a. "As to defendants, the fundamental requirements are designation as a party, compliance with valid procedures designed to give notice of the action, and a basis of jurisdiction. Most statements of this principle are negative: a person is not bound absent compliance with these requirements." 18 C. Wright, A. Miller & E. Cooper, Federal Practice and Procedure § 4449 at 411–12 (1981). *E.g., E.B. Elliott Adv. Co. v. Metropolitan Dade County*, 425 F.2d 1141, 1148 (5th Cir.1970) ("[I]t is equally elementary that one is not bound by a judgment *in personam* resulting from litigation in which he is not designated as a party or to which he has not been made a party by service of process.") Neither Yamaha Parts nor Yamaha International submitted itself to the district court's jurisdiction in the original action. Moreover, YMC/USA's identification of these entities

did not result in their appearance in that action.

A defendant makes an appearance in an action whenever, either in person or by an authorized attorney, he takes any part in the action, whether by formal entry of appearance or by an answer or demurrer or motion, or by taking part in the trial of the action, or by taking steps in the action after judgment either in the trial court or in an appellate court.

Restatement (Second) of Conflict of Laws § 33 comment b (1969). Neither Yamaha Parts nor Yamaha International participated of record in any capacity in the original action. Likewise, appellant did not serve either of these entities with process in that action. We therefore conclude that Yamaha Parts and Yamaha International were not parties in the original action.

### 2. Privity.

Res judicata also applies to those persons in privity with the parties. "Privity" describes a relationship between one who is a party of record and a nonparty that is sufficiently close so a judgment for or against the party should bind or protect the nonparty. *Southwest Airlines Co. v. Texas International Airlines,* 546 F.2d 84, 95 (5th Cir.1977). *See also* 1B J. Moore, J. Lucas & T. Currier, Moore's Federal Practice § 0.411[1] at 392 (2d ed. 1984) (hereinafter "Moore's Federal Practice"). This relationship between the party and nonparty may be one of several types: where the nonparty has succeeded to the party's interest in property, where the nonparty controlled the original suit, where the nonparty's interests were represented adequately by the party in the original suit, *Southwest Airlines,* 546 F.2d at 95, and where the party and nonparty have concurrent interests in the same property right. 1B Moore's Federal Practice § 0.411[1] at 392.

The district court found Yamaha Parts and Yamaha International were in privity with YMC/USA based on Russell Jura's affidavit and the fact that the complaint makes identical claims against all three defendants. A district court's determination as to whether interrelated corporations are in privity with each other is a factual question which should not be reversed unless its determination is clearly erroneous. *Astron Industrial Associates, Inc. v. Chrysler Motors Corp.,* 405 F.2d 958, 961 (5th Cir. 1968). Nonetheless, the factors the district court relied upon do not support a finding of privity. For the most part, Mr. Jura's affidavit merely quotes the language of the complaint; in so doing, it describes three corporate relationships: Yamaha Motor Company, Ltd., a Japanese corporation not a party in either action, is the parent company of YMC/USA; Yamaha Parts is a subsidiary of YMC/USA (SR 5–18) and Yamaha International was the United States distributor for Yamaha Motor Company, Ltd. until 1977. (SR 5–19).[1] Defendants, however, directly contradicted the second-described relationship in their petition to remove the present action, where they specifically stated that no parent-subsidiary relationships exist among the three named defendants, only unspecified stock ownership. (R1–2–4 to 6).

Although parent and subsidiary corporations have been held to be in privity with each other in some circumstances, most of these cases addressed the question whether a parent corporation is bound or protected by litigation conducted by its subsidiary. *See, e.g., Astron Industrial Associates, Inc.,* 405 F.2d at 961 (wholly-owned subsidiary was operated by an officer of parent and parent's Board of Directors authorized subsidiary's suit); *Pan American Match Inc. v. Sears, Roebuck and Co.,* 454 F.2d 871, 874 (1st Cir.1972) (parent conveyed subject property to wholly-owned subsidiary long before litigation arose, parent aware of subsidiary's litigation and par-

---

**1.** The district court was understandably confused by the parties' use of abbreviations. Appellant and the district court referred to YMC/USA as "YMC." Russell Jura, in his affidavit for YMC/USA, used "YMC" to refer to Yamaha Motor Company, Ltd. when he stated that Yamaha International was the United States distributor for "YMC" (SR 5–19); the district court apparently thought he meant YMC/USA.

ticipated in its defense). Privity between parent and subsidiary corporations generally is governed by the rules that apply to shareholders and their corporations. 18 C. Wright, A. Miller & E. Cooper, Federal Practice and Procedure § 4460 at 534 (1981). In this circuit, stockholders are not in privity with their corporations unless they are found to be alter egos. *Dudley v. Smith*, 504 F.2d 979, 982 (5th Cir.1974).[2] If the alter ego doctrine applies, " 'the corporation and the person who dominates it are treated as one person, so that any act committed by one is attributable to both, and if either is bound, by contract, judgment, or otherwise, both are equally bound....' " *Id.* (quoting *Shamrock Oil and Gas Co. v. Ethridge*, 159 F.Supp. 693, 697 (D.Colo.1958)). The record contains only the defendants' contradictory, generalized representations regarding the relationship between YMC/USA and Yamaha Parts. In particular, there are no facts as to the percent of ownership, YMC/USA's right or ability to control Yamaha Parts, or whether these entities operated independently or as one unit. Due to the lack of any factual basis for its determination, we find the district court was clearly erroneous in concluding Yamaha Parts was in privity with YMC/USA. Therefore, we remand for further factfinding to determine whether the relationship between YMC/USA and Yamaha Parts is sufficiently close to justify preclusion.

■ Finally, we hold the district court's conclusion that Yamaha International was in privity with YMC/USA was clearly erroneous. The record contains no evidence of any corporate interrelationship. Moreover, YMC/USA and Yamaha International are not in privity merely because appellant makes identical claims against them. "When a person suffers injury as the result of the concurrent or consecutive acts of two or more persons, he has a claim against each of them.... Accordingly, a judgment for or against one obligor does not result in merger or bar of the claim that the injured party may have against another obligor." Restatement (Second) of Judgments § 49 comment a (1980).

## II. COLLATERAL ESTOPPEL

■ Without stating any reason, the district court held that collateral estoppel went further than res judicata to bar appellant's action. (R1–11–41). Collateral estoppel refers to the concept of "issue preclusion" whereby a judgment "[forecloses] relitigation of a matter that has been litigated and decided." *Migra v. Warren City School District Board of Education*, 465 U.S. 75, 77 n. 1, 104 S.Ct. 892, 894 n. 1, 79 L.Ed.2d 56 (1984). "[O]nce a court has decided an issue of fact or law necessary to its judgment, that decision may preclude relitigation of the issue in a suit on a different cause of action involving a party to the first case." *Allen v. McCurry*, 449 U.S. 90, 94, 101 S.Ct. 411, 414, 66 L.Ed.2d 308 (1980). Collateral estoppel, unlike res judicata, is not limited to parties and their privies. A defendant who was not a party to the original action may invoke collateral estoppel against the plaintiff. *See, e.g., Cotton States Mutual Insurance Co. v. Anderson*, 749 F.2d 663, 666 (11th Cir. 1984); *Charles J. Arndt, Inc. v. City of Birmingham*, 748 F.2d 1486, 1494 n. 9 (11th Cir.1984).

> There are several prerequisites to the application of collateral estoppel: (1) the issue at stake must be identical to the one alleged in the prior litigation; (2) the issue must have been actually litigated in the prior litigation; and (3) the determination of the issue in the prior litigation must have been a critical and necessary part of the judgment in that earlier action. In addition, the party against whom the earlier decision is asserted must have had a full and fair opportunity to litigate the issue in the earlier proceeding.

**2.** In *Bonner v. City of Prichard*, 661 F.2d 1206, 1209 (11th Cir.1981) (en banc), this court adopted as binding precedent all of the decisions of the former Fifth Circuit handed down prior to the close of business on September 30, 1981.

*Greenblatt v. Drexel Burnham Lambert, Inc.,* 763 F.2d 1352, 1360 (11th Cir.1985) (citations omitted). The prior case was dismissed with no stated reasons; we may assume the case was dismissed because YMC/USA was not in existence when the motorcycle was distributed. No issue of law or fact relating to Yamaha Parts or Yamaha International was actually decided. Thus, the present case clearly does not satisfy these requirements.

## III. SUMMARY JUDGMENT

■ The district court also found defendants were entitled to summary judgment because appellant failed to give notice of breach. Ala.Code § 7–2–607(3)(a) provides that the "buyer must within a reasonable time after he discovered any breach notify the seller of breach or be barred from any remedy...." The Alabama courts have held that notice of breach is a condition precedent to bringing a breach of warranty action, *Parker v. Bell Ford, Inc.,* 425 So.2d 1101, 1102 (Ala.1983), which must be affirmatively pleaded in the complaint. *Lindsey v. International Shoe Co.,* 45 Ala. App. 566, 233 So.2d 507, 509 (1970). Appellant does not claim he gave notice but instead argues he was not required to do so because he was not a buyer. "Buyer" is defined as "a person who buys or contracts to buy goods." Ala.Code § 7–2–103(1)(a). Only one Alabama case has addressed the scope of this definition. In *Simmons v. Clemco Industries,* 368 So.2d 509 (Ala. 1979), the Alabama Supreme Court held that warranty beneficiaries are not required to give notice under section 7–2–607(3)(a). In its discussion, the court recognized it had previously held that " '[s]ellers and buyers are not limited by definition to retailers and consumers,' " but had not extended "buyer" beyond the statutory definition. *Simmons,* 368 So.2d at 513 (quoting *Bishop v. Sales,* 336 So.2d 1340, 1343 (Ala.1976)). Here, the district court found appellant was a buyer because appellant's brief in opposition to summary judgment described himself as a "remote purchaser." The district court held this was an admission that he was a " 'buyer' in the

chain of distribution" and thus required to give notice. (R1–11–42).

We do not need to decide whether appellant was a buyer under Alabama law, only whether the district court properly granted summary judgment on the issue. "Summary judgment is appropriate only when the moving party has sustained its burden of proving that there exists no genuine issue of material fact after viewing all the evidence in the light most favorable to the party opposing the motion." *Wong v. Bailey,* 752 F.2d 619, 620 (11th Cir.1985). The record contains only two "facts" regarding appellant's status. The first, as mentioned above, is the district court's reference to appellant's description of himself. Second, defendants' answer alleges appellant was not in privity for breach of warranty purposes. (R1–7–30, 31). From this the court can infer, at a minimum, that appellant did not purchase the motorcycle from defendants. The determination whether appellant is a buyer under Ala.Code § 7–2–103(1)(a) would require examination of the facts surrounding his acquisition of the motorcycle. The district court had no such facts before it. On appeal, appellant states that his father went with him and paid for the motorcycle, the motorcycle was purchased for appellant's benefit and the transaction was undertaken with the understanding that appellant would repay his father. We do not decide whether these facts would result in a conclusion that appellant was a "buyer." The district court, however, did not have even this information when it entered summary judgment. Thus, there were no undisputed issues of fact to support summary judgment in favor of defendants. We conclude summary judgment on this issue was not appropriate on the record before the district court.

Accordingly, the order of the district court granting summary judgment is AFFIRMED in part; REVERSED in part; and REMANDED for further proceedings not inconsistent with this opinion.