803 F.2d 719
 Unpublished Disposition
NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
MATTHEW MARION FONDEL, Plaintiff-Appellant
v.
FORD MOTOR CO.; D.C. LONG; M.J. GAYNIER; WM. BAILEY;
JOSEPH GORMLEY; EARL SCHLABACH; B.D. PICKEL; WILLIAM
BOHL; JAMES ZEHNAL; WALTER FITZGERALD; JOHN PIERCE; T.J.
MIREE; ARNOLD G. SHULMAN; STEPHEN D. BOLERJACK; D.P.
FORBERGER; WM. TARNACHE; J.G. RIVARD; P.E. MENDOLA; WM.
PICKEL, Defendants- Appellees.
 No. 85-1759.
 United States Court of Appeals, Sixth Circuit.
 Sept. 25, 1986.
 
 1
 BEFORE: LIVELY and MERRITT, Circuit Judges; CONTIE, Senior Circuit Judge
 
 ORDER
 
 2
 This pro se plaintiff appeals from a district court judgment dismissing his six civil rights complaints for being barred under the doctrine of res judicata.
 
 
 3
 In the six suits, the plaintiff sued his former employer and many of its employees claiming that they subjected him to racial and sexual discrimination and that they terminated his employment in retaliation for his having filed a charge of discrimination with the EEOC. Upon review of the cause, the district court concluded that the issues presented in the suits were or should have been presented in plaintiff's prior suit which concerned the same subject matter. The prior suit was dismissed with prejudice for failure to prosecute pursuant to Rule 41(b), Federal Rules of Civil Procedure. That dismissal was affirmed by the Sixth Circuit.
 
 
 4
 Upon review of the cause in light of the arguments raised by the parties in their respective appellate briefs, this Court concludes that the plaintiff's suits were, indeed, barred under the doctrine of res judicata. Although the district court used imprecise language to explain its dismissal under res judicata, it did, nonetheless, reach the correct conclusion.
 
 
 5
 The plaintiff is correct to argue that issue preclusion, or collateral estoppel, does not attach to a judgment dismissing a suit for lack of prosecution. An issue must be actually and necessarily determined by a judgment in order for the parties to be barred from further litigating that issue under the doctrine of collateral estoppel. See Montana v. United States, 440 U.S. 147, 153-154 (1979); Dodrill v. Ludt, 764 F.2d 442 (6th Cir. 1985).
 
 
 6
 The plaintiff is, however, barred under the doctrine of res judicata, or claim preclusion, from litigating between these parties all claims which were or could have been litigated in his prior suit. See Anchor Motor Freight v. International Brotherhood of Teamsters, 700 F.2d 1067 (6th Cir.), cert. denied, 464 U.S. 819 (1983); Nathan v. Rowan, 651 F.2d 1223 (6th Cir. 1981). Plaintiff's prior suit alleged claims of discrimination against his former employer and fellow employees. Since it was dismissed for failure to prosecute pursuant to Rule 41(b), Federal Rules of Civil Procedure, it was dismissed on the merits. See Hart v. Yamaha-Parts Distributors, Inc., 787 F.2d 1468 (11th Cir. 1986); Cemer v. Marathon Oil Company, 583 F.2d 830 (6th Cir. 1978). As a judgment was/entered on the merits of plaintiff's claims, plaintiff was, therefore, barred by claim preclusion from presenting any future claims, even if under a different legal theory of liability, that arise out of the same subject matter of his prior suit. See Hart v. Yamaha-Parts Distributors Inc., supra; Cannon v. Loyla University of Chicago, 784 F.2d 777 (7th Cir. 1986); Cemer v. Marathon Oil Company, supra. Since the plaintiff sought to again assert claims of discrimination regarding his prior working conditions and termination of employment, which were or could have been presented in his prior suit, the plaintiff's suits were properly dismissed for being barred under the doctrine of res judicata.
 
 
 7
 Furthermore, no extraordinary circumstances are present to warrant an exception to this bar on public policy considerations. Plaintiff also cannot persuasively argue that the defendants are themselves barred under the doctrine of collateral estoppel. This argument was of no avail in plaintiff's prior suit; and it is plainly frivolous. Res judicata does not even apply to these cases. They arose from a different subject matter, and they lack identity of the parties. See City of Detroit v. Nortown Theatre, Inc., 116 Mich.App. 386, 323 N.W.2d 411 (1982), and cases cited therein. Plaintiff's claim of judicial bias is likewise spurious.
 
 
 8
 For these reasons, this panel unanimously agrees that oral argument is not necessary in this appeal. Rule 34(a), Federal Rules of Appellate Procedure. The district court's judgment is, accordingly, affirmed for the foregoing reasons pursuant to Rule 9(d)(3), Rules of the Sixth Circuit. The appellee's request for an award of costs and fees is hereby denied.