**Robert D. PIERCE, Jr., Plaintiff,**

v.

**RITTER, CHUSID, BIVONIA & COHEN and Kieth Goldblum, Esq., Defendants.**

**No. 00–4183–CIV.**

United States District Court, S.D. Florida, Miami Division.

Feb. 12, 2001.

Robert D. Pierce, Jr., pro se, Miami, FL, for Plaintiff.

Mitchel Chusid, Esq., Ritter Chusid Bivonia & Cohen, LLP, Boca Raton, FL, for Defendants.

### ORDER GRANTING MOTION TO DISMISS

MORENO, District Judge.

Plaintiff Robert D. Pierce filed this case *pro se* against the Defendant law firm and the Defendant attorney. Jurisdiction of this Court is invoked pursuant to 18 U.S.C. § 1962, the Racketeer Influenced and Corrupt Organizations Act ("RICO"), and 28 U.S.C. § 1331. Pierce also brings two counts based on state law, one alleging a violation of Fla. Stat. § 772.103(4) (the Florida RICO equivalent), and the other for professional negligence.

Defendants move to dismiss based on the fact that there is no underlying criminal activity alleged for the purposes of the federal RICO count. As to both the federal and the state RICO claims, Defendants argue that the principles of *res judicata* and estoppel bar Pierce's claims as there has already been a prior determination on the merits arising out of the same transaction. Without the Federal RICO count, Defendants also point out that there is no subject matter jurisdiction for this Court. Additionally, Defendants contend that Plaintiff has not complied with Southern District of Florida Local Rule 12.1, which requires that a RICO Statement be provided within thirty days of filing a complaint. Finally, Defendants argue that they owed no duty to Plaintiff because they did not represent him. They were the lawyers that opposed him, therefore, he has no standing for this claim.

Because of the failure to provide a RICO Statement in accordance with Local Rule 12.1 and under the doctrine of nonmutual collateral estoppel, it is adjudged that the Defendants' Motion to Dismiss filed on **January 10, 2001** is granted and the case is dismissed.

## BACKGROUND

In 1998, Pierce filed a lawsuit in Florida's Eleventh Judicial Circuit Court case number 98–02013 CA (10). This lawsuit alleged a violation by Dependable Temps, Inc. of Fla. Stat. § 448.20, which prohibits a labor pool from charging a day laborer for the cashing of checks. Pierce alleged that Dependable violated the Labor Pool Act by allowing Orlando Bascaus onto the premises to cash workers' checks after exacting a $1.00 surcharge per check. After a June 18, 1998 hearing, Judge Margarita Esquiroz entered final summary judgment for Dependable in that suit. A motion for a rehearing was denied.

On September 1, 1998 another suit was filed by Pierce, styled *Robert D. Pierce, Jr. v. Dependable Temps, Inc., Orlando Bascaus,* Case No. 98–20081 CA 2. Pierce again alleged violations of the Labor Pool Act charging that Bascaus and the president of Dependable, Ed Kaplan engaged in a conspiracy to commit fraud through the check cashing arrangement. Dependable filed a motion to dismiss based on *res judicata.* On October 15, 1998 Judge Friedman dismissed the matter with prejudice on that ground.

Pierce next filed a lawsuit in federal court on November 29, 1999, styled *Robert D. Pierce, Jr. v. Dependable Temps, Inc., Orlando Bascaus, and Ed Kaplan,* Case No. 99–3234–CIV–GOLD. This action alleged that the defendants participated in a racketeering enterprise involving the cashing of employee checks in violation of local, state, and federal law. Federal jurisdiction was invoked pursuant to 18 U.S.C. § 1962 and 28 U.S.C. § 1331, as it is in the instant suit. Because the claims arose out of the same cause of action as the first two suits, Judge Gold held that this suit was barred by the doctrine of *res judicata.* No appeal was taken from any of these determinations.

The lawyers for the defendants in these prior suits are the named Defendants in the instant suit. Pierce has alleged that the lawyers and the law firm that opposed him in prior suits has aided and abetted in a criminal enterprise in violation of federal and state RICO laws. Furthermore, Pierce alleges that the lawyers never retained by him, are guilty of professional negligence though their defense against his other lawsuits.

## LEGAL ANALYSIS

### A. Failure to Provide a RICO Statement

 Local Rule 12.1 requires that within thirty days of filing any action pursuant to 18 U.S.C. §§ 1961–1968 or Fla. Stat. §§ 772.101–772.104, the party filing the claim shall serve a RICO Case Statement. The RICO Case Statement must be a detailed, organized, and specific document that is designed to assist the Court with the processing of a RICO claim.

Pierce filed his Original Complaint on November 2, 2000 and his Amended Complaint on December 4, 2000. Among other problems with the complaint, Pierce failed to provide a RICO Statement as required by the local rule.

In *Harrison Enterprises, Inc. v. Moran,* No. 97–4362–CIV, 1999 WL 1211753 (S.D.Fla. Aug.30, 1999), Judge Lenard was faced with a situation involving a similar violation of Local Rule 12.1. That court held, "That Plaintiffs have not yet submitted a RICO Case Statement when the Substitute Amended Complaint clearly asserts RICO claims is troubling. Continued failure to so accompany any RICO claim in any amended complaint shall subject that claim to dismissal with prejudice." *Harrison Enterprises,* 1999 WL 1211753, at * 4. This Court finds that this failure to include a RICO Statement as required by Local Rule 12.1 is grounds for dismissing both the Federal and State RICO counts.

### B. Nonmutual Collateral Estoppel

 The Defendants in their motion to dismiss bring to the Court's attention that this lawsuit is essentially Pierce's "fourth bite at the apple." Using essentially the same common nucleus of facts, Pierce has

sued Dependable three times. In the second and third suits, Pierce simply added one further defendant and slightly changed his theory of the case. Accordingly, the suits before Judge Friedman in state court and Judge Gold in federal court were dismissed under the theory of *res judicata.*

In this suit, however, Pierce has sued the lawyers who successfully defended their clients against Pierce's allegations in the previous suits. As the doctrine of *res judicata* requires identity of parties, *res judicata* is not applicable for the current suit. *Saboff v. St. John's River Water Management Dist.,* 200 F.3d 1356, 1360 (11th Cir.2000).

Pierce's counts against the Defendants for federal and state RICO violations are, however, subject to the doctrine of nonmutual collateral estoppel. The Supreme Court recognized this doctrine in *Blonder–Tongue Laboratories, Inc. v. University of Illinois Foundation,* 402 U.S. 313, 91 S.Ct. 1434, 28 L.Ed.2d 788 (1971). In *Blonder–Tongue* the university association had brought the first suit and lost, and then brought the second suit against a different defendant. This second defendant asserted defensive nonmutual collateral estoppel to prevent the university foundation from establishing the validity of the patent previously held invalid. The rationale behind this, of course, is to prevent a party from being able to relitigate an issue where that party "had a full and fair opportunity to litigate the issue in the earlier proceeding." *A.J. Taft Coal Co. v. Connors,* 829 F.2d 1577, 1580 (11th Cir. 1987).

The Eleventh Circuit has endorsed this type of collateral estoppel when several prerequisites to the application are present. For a court to apply nonmutual collateral estoppel the issue at stake (1) must be identical to the one alleged in the prior litigation; (2) the issue must have been actually litigated; and (3) the determination in the prior proceeding must have been a crucial and necessary part of the judgment in the earlier action. *Id.; Hart*

*v. Yamaha–Parts Distributors, Inc.,* 787 F.2d 1468, 1473 (11th Cir.1986).

Pierce would have this Court determine that the activity involving check cashing is a predicate for the RICO claims. Due to the lack of a RICO Statement as required by Local Rule 12.1 it is nearly impossible for this Court to parse the rambling complaint and determine if there is a sufficient RICO predicate alleged. Assuming *arguendo* that the activity alleged is a sufficient predicate for a RICO violation, this Court finds that this issue is identical to the one litigated before Judge Esquiroz. Furthermore, this Court finds that this issue was actually litigated and was a crucial determination in the first suit in state court. Just as *res judicata* was appropriate in the suit before Judge Gold, which alleged a RICO violation, defensive nonmutual collateral estoppel bars the Plaintiff from relitigating that same issue here with these different Defendants.

## CONCLUSION

Due to the failure to provide a RICO Statement in accordance with Local Rule 12.1, the counts alleging RICO violations are dismissed. Even if the RICO Statement was properly filed and there was a sufficient RICO predicate, these claims would be barred by the doctrine of nonmutual collateral estoppel. The events that make up the basis for Plaintiff's complaint arose out of the same common nucleus of facts as the events that had been actually litigated in prior adjudications.

Without the sole federal claim under 18 U.S.C. § 1962, this Court lacks subject matter jurisdiction to hear the dispute, and declines to exercise supplemental jurisdiction pursuant to 28 U.S.C. § 1367(d) over the remaining claims. Accordingly, this suit is dismissed.