**NOT FOR PUBLICATION**

In the

United States Court of Appeals

For the Eleventh Circuit

————————————————

No. 24-11841

Non-Argument Calendar

————————————————

MICHAEL HURLEY,

*Plaintiff-Appellant,*

*versus*

UNITED STATES OF AMERICA,
STATE OF FLORIDA,
SECRETARY, DEPARTMENT OF CORRECTIONS,

*Defendants-Appellees.*

————————————————

Appeal from the United States District Court
for the Middle District of Florida
D.C. Docket No. 8:23-cv-00327-MSS-NHA

————————————————

Before BRANCH, KIDD, and BLACK, Circuit Judges.

PER CURIAM:

Michael Hurley, a Florida prisoner proceeding *pro se*, appeals the district court's dismissal of his amended complaint against the United States, the State of Florida, and the Secretary of the Florida Department of Corrections (Defendants). Hurley contends the district court erred by dismissing his complaint with prejudice as barred by res judicata. [1] After review, we affirm.

The doctrine of res judicata bars claims in a subsequent case that were or could have been raised in a prior proceeding when: (1) there was a final judgment on the merits; (2) a court of competent jurisdiction rendered the judgment; (3) both suits involve identical parties; and (4) both suits involve the same cause of action. *Pleming v. Universal-Rundle Corp.*, 142 F.3d 1354, 1356 (11th Cir. 1998). This bar pertains to claims that were raised in the prior action and to claims that could have been raised previously. *Davila v. Delta Air Lines, Inc.*, 326 F.3d 1183, 1187 (11th Cir. 2003). A final

---

[1] Hurley has abandoned any challenge to the only claim the district court determined was not barred by res judicata—his challenge to 28 U.S.C. § 1915(g), the Prison Litigation Reform Act's three strikes provision. He does not mention the district court's determination that he could have raised this claim in his fourth federal civil rights case or that the claim is barred by the four-year applicable statute of limitations in his brief. *See Sapuppo v. Allstate Floridian Ins.*, 739 F.3d 678, 681 (11th Cir. 2014) (stating "a party fails to adequately brief a claim when he does not plainly and prominently raise it" and a party abandons a claim when he fails to brief it on appeal (quotation marks omitted)); *Timson v. Sampson*, 518 F.3d 870, 874 (11th Cir. 2008) (stating like other litigants, a *pro se* appellant abandons an issue by failing to address it in their opening brief). Likewise, Hurley abandoned any challenge to the district court's denial of his post-judgment motion—construed as either a Rule 59 or Rule 60 motion— and motion to amend because he failed to address them in his brief. *See id.*

judgment precludes subsequent litigation of the same claim, regardless of whether re-litigation of the claim raises the same issues as the prior suit. *Baloco v. Drummond Co., Inc.*, 767 F.3d 1229, 1246 (11th Cir. 2014). At all times, the burden of showing the later-filed suit is barred is on the party invoking the res judicata bar. *Rodemaker v. City of Valdosta Bd. of Educ.*, 110 F.4th 1318, 1327 (11th Cir. 2024), *cert. denied*, 145 S. Ct. 2071 (2025).

The district court did not err in dismissing Hurley's amended complaint as barred by res judicata because Hurley previously filed civil complaints, against the same Defendants, alleging identical claims about their acts in his criminal proceedings. *See id.* (stating except for the incorporated factual question of privity, which we review for clear error, we review *de novo* the district court's application of the res judicata doctrine). It is undisputed that Hurley's prior civil complaints, brought in the Middle and Northern Districts of Florida,[2] were brought in courts of competent jurisdiction, so the second element is satisfied.

As to the first element, in *Hurley I*, the district court dismissed Hurley's amended complaint for failure to state a claim, which is a final judgment on the merits for res judicata purposes. *N.A.A.C.P. v. Hunt*, 891 F.2d 1555, 1560 (11th Cir. 1990) ("The Supreme Court has clearly stated that the dismissal for failure to state

---

[2] *Hurley v. Moore*, N.D. Fla. Case No. 4:01-cv-00517-WS (*Hurley I*); *Hurley v. Florida*, M.D. Fla. Case No. 5:03-cv-00108-WTH (*Hurley II*); *Hurley v. Florida*, M.D. Fla. Case. No. 5:05-cv-00212-WTH-GRJ (*Hurley III*); *Hurley v. United States*, N.D. Fla. Case No. 1:14-cv-00140-MW-GRJ (*Hurley IV*).

a claim under Federal Rule of Civil Procedure 12(b)(6) is a judgment on the merits." (quotation marks and alterations omitted)). Similarly, in *Hurley II* and *Hurley III*, the district courts both dismissed Hurley's complaint as frivolous with prejudice, which is a final judgment on the merits for res judicata purposes. *See Hart v. Yamaha-Parts Distribs., Inc.*, 787 F.2d 1468, 1470 (11th Cir. 1986) (explaining a dismissal with prejudice is a final judgment on the merits unless the court specifies otherwise). However, in *Hurley IV*, the district court dismissed Hurley's complaint, without prejudice, pursuant to the three-strike provision under 28 U.S.C. § 1915(g). Because a dismissal without prejudice does not constitute a final judgment on the merits, the district court's dismissal without prejudice in *Hurley IV* has no res judicata effect. *See Pleming*, 142 F.3d at 1356; *Beach Blitz Co. v. City of Miami Beach*, 13 F.4th 1289, 1300 (11th Cir. 2021) (stating "we usually understand 'without prejudice' to mean that a judgment is not claim-preclusive").

As to the third element, in *Hurley I*, *Hurley II*, *Hurley III*, and the instant complaint, Hurley pursued legal action against the United States, the State of Florida, and the Secretary of the Florida Department of Corrections. *See Pleming*, 142 F.3d at 1356. Thus, the parties in the previous actions are the same in the instant case. *Hunt*, 891 F.2d at 1560 (explaining the parties must either be the same parties in the original action or in privity with those parties).

As to the fourth element, Hurley's most recent complaint involves the same causes of action as his previous civil complaints. *See Pleming*, 142 F.3d at 1356. Hurley's complaints are based upon

the same factual predicate, that the Defendants violated his constitutional right to access the courts, the trial judge in his state criminal case failed to conduct a *Faretta*[3] hearing, the Defendants failed to provide documents from the record on appeal, prior officials failed to provide an adequate prison law library, and he was erroneously denied post-conviction relief. *Baloco*, 767 F.3d at 1247 (stating both suits involve the same cause of action if the subsequent suit "arises out of the same nucleus of operative facts, or is based upon the same factual predicate," as the prior suit (quotation marks omitted)). As the district court explained, while Hurley did not raise legal theories regarding facial and as-applied challenges to state and federal statutes, rules, and regulations in his prior complaints, those legal theories arise out of the same nucleus of operative fact and could have been raised in the prior suits. *See id.* Because all four elements are met, the district court did not err in dismissing Hurley's claims against the Defendants as barred by res judicata.

    **AFFIRMED**.

---

[3] *Faretta v. California*, 422 U.S. 806 (1975).