**NOT FOR PUBLICATION**

In the

# United States Court of Appeals

## For the Eleventh Circuit

_____

No. 25-12518

Non-Argument Calendar

_____

STACY TERRY,

*Plaintiff-Appellant,*

*versus*

MATTHEW W. ROBINETT,
  In official/personal capacity,
J.R. GAINES,
  Judge, In official/personal capacity,
AMANDA BESHEAR COOK,
CHARLES MARK BAIN,
  In official/personal capacities,
JOHNNY HARDWICK,
  Judge, In official/personal capacity,
TRAVELERS INSURANCE CO.,
THE PHOENIX INSURANCE COMPANY, et al.,

*Defendants-Appellees.*

_____

Appeal from the United States District Court
for the Middle District of Alabama
D.C. Docket No. 2:20-cv-01058-RAH-SMD

_____

Before ROSENBAUM, GRANT, and BRASHER, Circuit Judges.

PER CURIAM:

Stacy Terry, proceeding pro se, appeals the district court's denial of her Federal Rule of Civil Procedure 60(b)(4) motion for relief from its adverse judgment and its denial of her Federal Rule of Civil Procedure 59(e) motion to alter its decision about her Rule 60(b)(4) motion. She argues that the district court should have granted both motions because it relied on briefing from terminated counsel to render its judgment and permitted conflicted counsel to participate in the proceedings before it dismissed her second amended complaint. After careful review, we affirm the district court.

## I.

Stacy Terry sued fourteen defendants, including "Travelers Insurance," for allegedly violating over forty federal, state, and foreign statutes, rules, and canons. Doc. 1 at 1–5. The Phoenix Insurance Company responded to her complaint and explained that Terry misidentified it as "Travelers Insurance." Other defendants moved to dismiss. The district court then dismissed Terry's first complaint as a shotgun pleading but gave her leave to refile.

Terry filed an amended complaint that added "The Phoenix Insurance Company" as a defendant. Doc. 91 at 2. She later moved to remove Phoenix from her complaint and to file a second amended complaint. Before the court ruled on Terry's motions, Phoenix explained that it issued the insurance policies relevant to the dispute and that "Travelers Insurance" was not a legal entity. Phoenix also filed an insurance policy that established that it was the "insuring company" under the relevant "Travelers" policy. Doc. 95-1 at 2–3.

The district court then gave Terry leave to amend her complaint, and she filed a second amended complaint that removed Phoenix and kept "Travelers Insurance" as a defendant. Doc. 109 at 1–2. Phoenix responded that Terry misidentified it as "Travelers Insurance" and moved to dismiss her claims against it. Doc. 111 at 1 & n.1. The remaining thirteen defendants also moved to dismiss her complaint as a shotgun pleading, for lack of subject matter jurisdiction, and for other reasons.

A magistrate judge recommended that the district court dismiss Terry's second amended complaint as a shotgun pleading and for lack of subject matter jurisdiction. He also explained that Terry "incorrectly identified" Phoenix as Traveler's Insurance. Doc. 159 at 3 n.3. Terry objected to this conclusion and to his recommendation, but the district court overruled her objections, adopted the recommendation, and dismissed her case with prejudice.

Terry appealed. We affirmed the district court's final judgment. *Terry v. Robinett*, No. 22-13004 (11th Cir. July 11, 2023).

Terry later filed a Federal Rule of Civil Procedure 60(b)(4) motion for relief from the district court's final judgment. Her motion argued that the district court's judgment is void because it relied on filings from Phoenix, a non-party to the case. After the district court denied her motion, Terry filed a Federal Rule of Civil Procedure 59(e) motion to alter or amend its decision. That motion repeated her arguments that the district court should not have relied on Phoenix's filings. The district court denied her Rule 59(e) motion, and Terry appealed the district court's decisions about both motions.

## II.

We start with Terry's argument that the district court wrongly denied her Rule 60(b)(4) motion. We review *de novo* the district court's denial of a Rule 60(b)(4) motion to set aside a void judgment. *Bainbridge v. Governor of Fla.*, 75 F.4th 1326, 1332 (11th Cir. 2023). Terry bears the burden to establish that the district court's judgment is void and that she is entitled to relief under Rule 60(b)(4). *See Gonzalez v. Crosby*, 545 U.S. 524, 528–29 (2005).

Terry does not establish that the district court's judgment is void, so her Rule 60(b)(4) motion fails. A judgment is void under Rule 60(b)(4) only if the district court lacked jurisdiction over the subject matter or the parties or a due process violation deprived a party of notice or the opportunity to be heard. *Bainbridge*, 75 F.4th at 1335. A judgment is not void "simply because it . . . may have been erroneous." *Id*. at 1335. (quoting *United Student Aid Funds, Inc.*

*v. Espinosa*, 559 U.S. 260, 270 (2010)). Although we liberally construe pro se filings, *Campbell v. Air Jam. Ltd.*, 760 F.3d 1165, 1168 (11th Cir. 2014), Terry's Rule 60(b)(4) motion does not establish any of these conditions.

Terry's primary argument is that the district court lacked jurisdiction and violated her due process rights because it accepted motions to dismiss a non-party from that non-party's attorneys. But that action did not alter the district court's subject matter jurisdiction to determine its jurisdiction over her case. *See United States v. Ruiz*, 536 U.S. 622, 628 (2002) (describing the "familiar law" that a federal court always has jurisdiction to determine its own jurisdiction). Nor did it alter the court's personal jurisdiction over the parties because they still participated in the proceedings or were served with process. *See Hart v. Yamaha-Parts Distribs., Inc.*, 787 F.2d 1468, 1471 (11th Cir. 1986).

Phoenix's filings also did not deprive Terry of notice or an opportunity to be heard. She was served with Phoenix's motion to dismiss her second amended complaint and its motion arguing that she should not be permitted to further amend that complaint. And she responded to each filing with a motion of her own. Because Terry does not establish that Phoenix's filings deprived the district court of subject matter jurisdiction to adjudicate her claim, ended its personal jurisdiction over the parties, or deprived Terry of notice or an opportunity to be heard, she does not prove that those filings voided the judgment.

Terry makes a second argument that the judgment is void because one attorney who appeared allegedly had a conflict of interest. But she forfeited this issue. Parties, including pro se plaintiffs, generally forfeit issues that they do not raise to the district court. *Tannenbaum v. United States*, 148 F.3d 1262, 1263 (11th Cir. 1998). And Terry's original Rule 60(b)(4) motion did not raise whether any attorney had a conflict of interest.

Because Terry did not prove that the district court's judgment was void, the district court properly denied her motion.

## III.

We turn to Terry's argument that the district court erred by denying her Rule 59(e) motion to alter its denial of her Rule 60(b)(4) motion. We review for abuse of discretion a district court's denial of a Rule 59(e) motion. *PBT Real Est., LLC v. Town of Palm Beach*, 988 F.3d 1274, 1287 (11th Cir. 2021). Courts should grant Rule 59(e) motions only for "newly discovered evidence" or "manifest errors of law or fact." *Id.* (quoting *In re Kellogg*, 197 F.3d 1116, 1119 (11th Cir. 1999)). Parties cannot use them to "relitigate old matters" or to "raise argument[s] or present evidence" that they could have presented before entry of judgment. *Berry v. Crestwood Healthcare LP*, 84 F.4th 1300, 1313 (11th Cir. 2023) (quoting *Michael Linet, Inc. v. Village of Wellington*, 408 F.3d 757, 763 (11th Cir. 2005)).

The district court did not abuse its discretion when it denied Terry's Rule 59(e) motion because that motion sought to relitigate arguments from her Rule 60(b)(4) motion and did not identify any new evidence or manifest errors of law and fact. *See PBT Real Est.*,

988 F.3d at 1287. Terry's Rule 59(e) motion mainly repeats arguments from her Rule 60(b)(4) motion that the district court should not have relied on Phoenix's filings. To the extent that it presents new arguments, they do not identify manifest errors of law and fact because the district court properly denied her Rule 60(b)(4) motion. And her motion does not argue that she discovered new evidence. Because Terry could not use her Rule 59(e) motion to relitigate Phoenix's filings and did not identify any new evidence or manifest errors of law or fact, the district court did not abuse its discretion by denying it.

## IV.

We **AFFIRM** the district court's denials of Terry's Rule 60(b)(4) and Rule 59(e) motions.