[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT
_____

No. 08-17197
Non-Argument Calendar
_____

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
May 19, 2009
THOMAS K. KAHN
CLERK

D. C. Docket No. 07-01765-CV-ORL-31GKJ

UNITED STATES OF AMERICA, ex rel.,

Plaintiff,

CARLOS SHURICK, Relator,

Plaintiff-Appellant,

versus

BOEING COMPANY, as agent for and/or
d.b.a. Boeing Space Operations Company,

Defendant-Appellee,

INDYNE, INC.,

Defendant.

_____

Appeal from the United States District Court
for the Middle District of Florida

_____

(May 19, 2009)

Before BLACK, BARKETT and PRYOR, Circuit Judges.

PER CURIAM:

Carlos Shurick appeals the dismissal of his complaint that Boeing Company violated the False Claims Act. 31 U.S.C. § 3729. The district court dismissed Shurick's complaint for failure to state a claim. We affirm.

## I. BACKGROUND

Relator Shurick, a former employee of the Boeing Company, filed a qui tam action and alleged that Boeing presented to the government false claims, 31 U.S.C. § 3729(a)(1), obtained payment for those false claims, id. § 3729(a)(2), held and delivered less property to the government than reflected on a receipt or certificate, id. § 3729(a)(4), certified to the government false claims, id. § 3729(a)(5), and conspired with its subcontractor, Indyne, to present those false claims, id. § 3729(a)(3). Shurick alleged that Boeing invoiced and obtained payment from the government for services rendered by employees of Boeing who used respirators that violated federal safety regulations. Shurick alleged that a contract between Boeing and the National Aeronautics and Space Administration required that Boeing comply with federal safety regulations and its alleged noncompliance with the contract violated the False Claims Act.

In the complaint, Shurick alleged that he was employed by Boeing to work

2

at the Kennedy Space Center, where he apparently worked with or might have been exposed to anhydrous ammonia. Shurick alleged that the contract, "through adoption of applicable laws, rules, and regulations, (including 29 C.F.R. § 1910.134) (and appendices thereto) required that" Boeing employees who wore "corrective lenses for impaired vision be fit tested with respirators before training and certification with respirators that would seal against their faces and effectively secure their eyeglasses in place during use." Shurick alleged that "Indyne, with Boeing's knowledge and support, failed and/or refused to properly fit test" respirators for Shurick and other unnamed Boeing employees. Shurick alleged that between October 1, 2002, when Boeing contracted with Indyne to fit test respirators, and July 11, 2007, Boeing submitted "120 or more" invoices to the government for payment of services that required "the use of properly fitted respirators . . . ."

Boeing moved to dismiss the complaint and argued that Shurick failed to plead his allegations of fraud with specificity. See Fed. R. Civ. P. 9(b), 12(b)(6). The district court granted the motion to dismiss. The court ruled that Shurick failed to allege "that Boeing failed to deliver the services contemplated by the CAPPS contract and then billed the government for those services, or even more generally, that Boeing ever submitted a claim to the government to pay amounts it

3

did not owe." The court ruled that Shurick failed to "offer[] any particularized allegations that Boeing ever submitted a claim which expressly conditioned payment on a certification that the services rendered were done so in compliance with applicable government regulations." The district court also ruled that Shurick was not "in a position to review or submit" a claim for payment and failed to allege with specificity facts to establish that Boeing submitted bills or received payment for a false claim.

## II. STANDARD OF REVIEW

We review de novo a dismissal for failure to state a claim and accept as true the facts alleged in the indictment. Corsello v. Lincare, Inc., 428 F.3d 1008, 1012 (11th Cir. 2005).

## III. DISCUSSION

Shurick challenges the dismissal of his complaint on two grounds. First, Shurick argues that he pleaded grounds under the False Claims Act with sufficient specificity to survive a motion to dismiss. Second, Shurick argues that the district court should have allowed him to amend his complaint. These arguments fail.

A complaint must "state[] with particularity . . . the circumstances constituting fraud or mistake." Fed. R. Civ. P. 9(b). To state a claim under the False Claims Act that complies with Rule 9(b), "the complaint must allege '"facts

4

as to time, place, and substance of the defendant's alleged fraud," [and] "the details of the defendants' allegedly fraudulent acts, when they occurred, and who engaged in them."'" Corsello, 428 F.3d at 1012 (quoting United States ex rel. Clausen v. Lab. Corp. of Am., Inc., 290 F.3d 1301, 1310 (11th Cir. 2002)). The failure to satisfy Rule 9(b) is a ground for dismissal of a complaint. Id. The crux of a complaint under the False Claims Act is the submission of a fraudulent claim for payment, see id. at 1013; United States ex rel. Atkins v. McInteer, 470 F.3d 1350, 1357 (11th Cir. 2006), so to survive a motion to dismiss, a complaint must allege with particularity that false claims were actually submitted to the government.

We have consistently upheld dismissals of complaints under the False Claims Act when the relator has failed to comply with Rule 9(b). In Atkins, we upheld the dismissal of a complaint filed by a physician relator who alleged fraud based on the progress notes of medical treatments that were written by other doctors but did not observe or have other knowledge of the billing to Medicare and Medicaid for those medical treatments. 470 F.3d at 1358–60. In Corsello, we ruled that a complaint failed when a relator salesman of home health care equipment and services alleged that the defendants were engaged in fraudulent Medicare billing, but failed to allege "the 'who,' 'what,' 'where,' 'when,' and 'how' of fraudulent submissions to the government." 428 F.3d at 1013–14. In

5

Clausen, we ruled that a complaint failed when a relator laboratory technician alleged that the defendant had performed unnecessary tests and improperly billed Medicare and Medicaid beneficiaries but failed to state facts related to the dates or amounts of claims that were submitted to the government for payment. 290 F.3d at 1311–13.

Shurick's complaint fails to state a claim because it does not allege with particularity the submission of a fraudulent claim to the government. Shurick states that Boeing failed to provide respirators that allegedly failed to comply with government regulations, but Shurick does not state with particularity how the contract between Boeing and the government required compliance with those regulations. Shurick alleges that Boeing "invoiced the government or caused the government to be invoiced for services of Boeing employees who were . . . equipped with ill-fitting respirators[,]" but Shurick lacks personal knowledge of the invoices and fails to allege facts that establish that invoices were actually submitted to the government.

Shurick also cannot complain that the district court denied him leave to amend his complaint when he never sought that relief. After the district court dismissed his complaint, Shurick could have sought leave to amend if he was granted relief on a motion to amend the judgment, Fed. R. Civ. P. 59(e), or a

6

motion to vacate, Fed. R. Civ. P. 60(b).  <u>Atkins</u>, 470 F.3d at 1361 n.22.  Shurick also has not explained how he would amend the complaint to withstand another motion to dismiss.  <u>See</u> <u>id.</u> at 1362 ("[A] plaintiff 'should not be allowed to amend his complaint without showing how the complaint could be amended to save the meritless claim.'" (quoting <u>Wisdom v. First Midwest Bank</u>, 167 F.3d 402, 409 (8th Cir. 1999)).

## IV. CONCLUSION

We **AFFIRM** the dismissal of Shurick's complaint.