[PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

_____

No. 10-10823
Non-Argument Calendar

_____

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
OCTOBER 13, 2010
JOHN LEY
CLERK

D.C. Docket No. 6:07-cv-01974-GAP-GJK

CARLOS SHURICK,

Plaintiff - Appellant,

versus

THE BOEING COMPANY,
Agent of Boeing Space Operations Company,
d.b.a. Boeing Space Operations Company,

Defendant - Appellee.

_____

Appeal from the United States District Court
for the Middle District of Florida

_____

(October 13, 2010)

Before CARNES, MARCUS and KRAVITCH, Circuit Judges.

PER CURIAM:

Carlos Shurick sued The Boeing Company, his former employer, in federal court under the False Claims Act. He also sued Boeing in state court under the Florida Whistleblower Act. We must decide whether a final judgment in the former action precludes further litigation of the whistleblower claim here. In accordance with our decision in *Ragsdale v. Rubbermaid, Inc.*, 193 F.3d 1235 (11th Cir. 1999), we hold that it does.

I

Carlos Shurick's job with Boeing occasionally required him to wear a protective respirator. But when he grew frustrated with Boeing's failure to supply a respirator that accommodated his eyeglasses, he refused to submit to further respirator-fit testing, and Boeing fired him. In response, Shurick filed two lawsuits. First, he sued Boeing in federal court as a *qui tam* relator on behalf of the United States, alleging that the company had submitted false claims to the Government for services rendered in violation of federal safety regulations. *See* 31 U.S.C. §§ 3729(a), 3730(b). Second, he sued Boeing in state court under the Florida Whistleblower Act, Fla. Stat. § 448.102, alleging that the company had fired him for complaining about its safety violations.

Boeing removed the whistleblower suit to federal court on the basis of diversity jurisdiction,[1] and both actions proceeded—separately—before the same district judge. In 2008, Boeing prevailed on a motion to dismiss the *qui tam* action with prejudice, and we affirmed the district court's judgment. *United States ex rel. Shurick v. Boeing Co.*, 330 Fed. Appx. 781 (11th Cir. 2009). In early 2010, Boeing prevailed on a motion for summary judgment in the whistleblower suit. This is Shurick's appeal.

## II

The district court granted Boeing's motion for summary judgment on the merits after concluding that Shurick had not engaged in activity protected by the Whistleblower Act. But although Boeing noted the dismissal of the *qui tam* action in its motion for summary judgment, neither the company nor the district court considered whether that dismissal might have any preclusive effect. We therefore requested supplemental briefing on the question and turn now to the substance of the issue.[2]

---

[1] *See* 28 U.S.C. §§ 1332, 1441.

[2] Although Federal Rule of Civil Procedure 8(c) classifies claim preclusion as an affirmative defense, "[d]ismissal by the court sua sponte on res judicata grounds . . . is permissible in the interest of judicial economy where both actions were brought before the same court." *Boone v. Kurtz*, 617 F.2d 435, 436 (5th Cir. 1980); *cf. Bonner v. City of Prichard*, 661 F.2d 1206, 1207 (11th Cir. 1981) (*en banc*) ("[T]he decisions of the United States Court of Appeals for the [former] Fifth Circuit . . . shall be binding as precedent in the Eleventh

The doctrine of claim preclusion (or *res judicata*) bars the parties to an action from relitigating matters that were or could have been litigated in an earlier suit. The doctrine facilitates "the conclusive resolution of disputes" by reducing "the expense and vexation attending multiple lawsuits, conserv[ing] judicial resources, and foster[ing] reliance on judicial action by minimizing the possibility of inconsistent decisions." *Montana v. United States*, 440 U.S. 147, 153–54 (1979). In accordance with those values, the doctrine bars a claim whenever (1) a court of competent jurisdiction has (2) rendered a final judgment on the merits in another case involving (3) the same parties and (4) the same cause of action. *Rubbermaid*, 193 F.3d at 1238.

The parties here agree only that the district court had jurisdiction over the *qui tam* action. Although Boeing contends that the other requirements for claim preclusion have been met as well, Shurick argues that his whistleblower suit implicates different parties and a different cause of action than the *qui tam* suit. In addition, he stresses that no final judgment issued in the *qui tam* action until after he had filed his whistleblower suit in state court.

---

Circuit . . . ."). And "[w]e may affirm the district court's judgment on any ground that appears in the record, whether or not that ground was relied upon or even considered by the court below." *Thomas v. Cooper Lighting, Inc.*, 506 F.3d 1361, 1364 (11th Cir. 2007).

Shurick's argument concerning the identity of the parties is that the *qui tam* action involved an additional defendant who is not a party to this litigation. But claim preclusion operates to prevent parties "from contesting matters that they have had a full and fair opportunity to litigate" between themselves, *Montana*, 440 U.S. at 153, and we have no reason to suspect that the presence of another defendant in the *qui tam* action impaired Shurick's ability to litigate his employment dispute with Boeing.

Nor are we are convinced by Shurick's argument that the two lawsuits involve different causes of action. In *Ragsdale v. Rubbermaid*, we considered an appeal from the dismissal of a federal whistleblower claim under the False Claims Act, 31 U.S.C. § 3730(h). Like Shurick, the plaintiff there had previously filed a separate *qui tam* action on behalf of the United States. In holding that a settlement in the *qui tam* litigation precluded the plaintiff's subsequent whistleblower claim, we readily concluded that the claims involved the same cause of action:

> [Because] both [the plaintiff's] claim for retaliatory discharge under the FCA and his FCA *qui tam* claim arose from the same nucleus of operative fact, we conclude that the cause of action in Rubbermaid I and the cause of action in Rubbermaid II are the same for purposes of res judicata.

193 F.3d at 1240.

5

Shurick tries to distinguish *Rubbermaid*, but none of his distinctions are persuasive. First, he notes that his whistleblower claim arose under Florida law instead of the False Claims Act. Yet the differences between the two, for our purposes, are purely cosmetic. What mattered in *Rubbermaid* was that "Rubbermaid [had] engaged in illegal conduct[,] and [the plaintiff's] discovery of that conduct led to his discharge[:] a series of transactions closely related in time, space, and origin." 193 F.3d at 1240. Here, Shurick's two lawsuits shared precisely the same common nucleus of operative fact. And although he insists that his claims are so different that considering them together would have confused a jury, we concluded on the similar facts of *Rubbermaid* that "[i]n terms of trial convenience, there [was] a substantial overlap" between the plaintiff's *qui tam* and whistleblower claims.

Shurick's strongest argument is that he, unlike the *Rubbermaid* plaintiff, pursued his claims concurrently rather than sequentially.[3] In other words, because he filed his lawsuits at the same time, Shurick argues that he avoided the "textbook res judicata" situation we considered in *Rubbermaid*, where our primary

---

[3] Shurick also observes that he filed his lawsuits in different courts, a fact of no consequence here. *Cf. Marrese v. Am. Acad. of Orthopaedic Surgeons*, 470 U.S. 373, 383 n.3 (1985) ("[P]reclusion rules bar the splitting of a cause of action between a court of limited jurisdiction and one of general jurisdiction . . . .").

concern was preventing *qui tam* plaintiffs from strategically severing their claims "in the hope of obtaining a second bite at the apple should their first action prove unsuccessful." 193 F.3d at 1240.

The problem with this argument is that it misconstrues the claim-preclusion doctrine's final-judgment requirement. Although "a judgment is only conclusive regarding the matters that the parties might have litigated . . . , for res judicata purposes, claims that could have been brought are claims in existence at the time the original complaint [was] filed." *Pleming v. Universal-Rundle Corp.*, 142 F.3d 1354, 1357 (11th Cir. 1998) (quotation marks omitted). Shurick was fired months before filing either of his lawsuits against Boeing, and "[a] person having only a single cause of action is generally not permitted to split up the cause of action and maintain several suits for different parts of it." 1 Am. Jur. 2d Actions § 103; *cf. Colo. River Water Conservation Dist. v. United States*, 424 U.S. 800, 817 (1976) ("As between federal district courts, . . . the general principle is to avoid duplicative litigation."). Under these circumstances, a final judgment in one action precluded further litigation in the second.

Having thus concluded that all the requirements for claim preclusion have been met, we **AFFIRM** the judgment of the district court.