[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT
_____

No. 11-13455
Non-Argument Calendar
_____

D. C. Docket No. 6:10-cv-01015-ACC-DAB

ROBERT E. DAWLEY,

Plaintiff-Appellant,

versus

NF ENERGY CORPORATION OF AMERICA,
GANG LI, CEO,
DON A. HERNANDEZ,

Defendants-Appellees.

_____

Appeal from the United States District Court
for the Middle District of Florida
_____

(October 12, 2012)

Before HULL, EDMONDSON, and BLACK, Circuit Judges.

PER CURIAM:

Robert Dawley, proceeding pro se, appeals the district court's dismissal -- for failure to state a claim for relief, pursuant to Fed.R.Civ.P. 12(b)(6) -- of his diversity action.  The action was brought pursuant to 28 U.S.C. § 1332, against NF Energy Saving Corporation of America ("NF Energy"); Gang Li, NF Energy's Chief Executive Officer ("CEO"); and Don A. Hernandez, NF Energy's counsel (collectively "defendants").  No reversible error has been shown; we affirm.[1]

Dawley filed an initial complaint against defendants alleging ten counts of fraud, fraud pertaining to a series of transactions he entered into with NF Energy.  The first four counts referenced a series of four contracts between Dawley and NF Energy on his purchase of "renewable convertible notes" that could be converted to stock.  The fifth and sixth counts in Dawley's complaint cited to defendants' alleged misrepresentations during an earlier trial and later appeal about breach-of-contract claims in Dawley v. NF Energy Saving Corp. of Am. et al., 374 Fed. App'x 921 (11th Cir. 2010) (unpublished) ("Dawley I").  His remaining four counts alleged that, on four separate occasions between March 2007 and June

---

[1] We review de novo the district court's grant of a motion to dismiss under Rule 12(b)(6) for failure to state a claim.  Am. Dental Ass'n v. Cigna Corp., 605 F.3d 1283, 1288 (11th Cir. 2010). In doing so, we take the factual allegations as true and construed in a light most favorable to the plaintiff.  Id.

2010, requests he sent to Hernandez that NF Energy honor his contracts were ignored.

The district court dismissed Dawley's first six claims as barred by res judicata. In addition, the court concluded that counts five and six in Dawley's complaint were barred by Florida's litigation privilege. The district court dismissed, without prejudice, Dawley's four remaining fraud claims because they had not been pleaded with the requisite particularity, pursuant to Fed.R.Civ.P. 9(b); and the court granted him leave to amend those counts. Dawley then filed an amended complaint with minor changes to the four claims, but defendants moved to dismiss the complaint under Rule 12(b)(6) for failure to state a claim based on Dawley's failure to plead fraud with particularity. The district court then dismissed Dawley's amended complaint.

On appeal, Dawley does not specifically argue that the district court erred in dismissing his first six fraud claims as barred by res judicata, but instead asserts that Dawley I should be reversed because it violated the intent of the contracting parties and failed to conform to the Florida parol evidence rule. To the extent that Dawley argues that we should revisit and reconsider our rulings in Dawley I, his present notice of appeal -- filed in July 2011, more than a year after the Dawley

3

rulings in April and May 2010[2] -- is untimely; we lack jurisdiction to consider these issues. See Fed.R.App.P. 4(a)(1)(A) (requiring that notices of appeal must be filed within 30 days after entry of judgment); Rinaldo v. Corbett, 256 F.3d 1276, 1278 (11th Cir. 2001) (noting that the timely filing of a notice of appeal is mandatory and jurisdictional). Dawley seeks appellate review of the merits of his fraud claims, despite the res judicata finding.[3]

A later action is barred by res judicata if (1) there is a prior final judgment on the merits, (2) the prior decision was rendered by a court of competent jurisdiction, (3) the parties are identical in both suits, and (4) the same cause of action is involved in both cases. Shurick v. Boeing Co., 623 F.3d 1114, 1116-17 (11th Cir. 2010). After review, we conclude that the district court committed no reversible error in determining that Dawley's first six claims were barred by res judicata.

---

[2] Dawley first brought suit against NF Energy and Li in May 2007, alleging that they had breached four separate contracts that Dawley had entered into with NF Energy's predecessor company, Global Broadcast Group, Inc. In April 2010, following an appeal by NF Energy, we reversed the district court's award of $400,000 to Dawley after the court reformed a lifetime consulting agreement into a contract for interest. In May 2010, we denied Dawley's petition for a rehearing; and the district court denied his motion for a retrial.

[3] We liberally construe pro se pleadings. Tannenbaum v. United States, 148 F.3d 1262, 1263 (11th Cir. 1998).

The district court's ruling in <u>Dawley I</u> was final and on the merits. Dawley's first four claims stem from the same factual predicate as <u>Dawley I</u>: (1) his ownership of 900,000 shares of NF Energy; (2) the notes-to-stock conversion in March 2006; and (3) the sale of the company to Li despite Li's lack of knowledge of Dawley's existing contracts, and Li's later refusal to honor Dawley's contracts.  See <u>Ragsdale v. Rubbermaid, Inc.</u>, 193 F.3d 1235, 1239 (11th Cir. 1999) (quotation omitted) (stating that two cases are considered to involve the same claim or cause of action if the latter case "arises out of the same nucleus of operative fact, or is based upon the same factual predicate" as the former case). Dawley's sixth claim about NF Energy's appeal in <u>Dawley I</u>, in which Dawley alleged that the defendants knew or should have known that their appeal "violated the contract terms" and constituted intentional fraud, also arises out of the same breach of a contract at issue in <u>Dawley I</u>; it properly was barred by <u>res judicata</u>.[4]

Here, Dawley is attempting to sue the defendants using different labels, even though the instant fraud case involves the same cause of action as his earlier breach-of-contract suit.  Because the fraud claims already existed when the

---

[4] Hernandez was no party to <u>Dawley I</u>, and, thus, <u>res judicata</u> does not bar Dawley's fifth and sixth claims, as they relate to Hernandez. There is nothing to suggest that Hernandez was in privity with either Li or NF Energy.  See <u>Hart v. Yamaha-Parts Distribs., Inc.</u>, 787 F.2d 1468, 1472 (11th Cir. 1986) (noting that <u>res judicata</u> also applies to those persons in privity with the parties in the earlier action).

original complaint was filed in the first case and arose from the same contracts, they should have been raised there.  See Trustmark Ins. Co. v. ESLU, Inc., 299 F.3d 1265, 1270 n.3 (11th Cir. 2002) (stating that because the same contract was the foundation of the factual predicate in both cases, "as long as the relevant claims had occurred prior to filing the first lawsuit, [plaintiff] should have brought the negligent misrepresentation and fraud claims at that time").

Next, the district court properly concluded that Dawley's fifth and sixth claims were barred by the Florida litigation privilege.  Under Florida law,[5] any act occurring during the course of a judicial proceeding is entitled to absolute immunity as long as the act had some relation to the proceeding.  Green Leaf Nursery v. E.I. DuPont De Nemours & Co., 341 F.3d 1292, 1302 (11th Cir. 2003). Florida courts have extended this immunity to counsel.  See Levin, Middlebrooks, Mabie, Thomas, Mayes & Mitchell, P.A. v. United States Fire Ins. Co., 639 So.2d 606, 608 (Fla. 1994) (stating that this immunity extends not only to parties in a proceeding but to judges, witnesses, and counsel as well).  Because Dawley's fifth and sixth charges concerned the defendants' alleged omissions during the Dawley I trial and Hernandez's alleged fraud in appealing Dawley I, the charges involved

---

[5] "Federal courts sitting in diversity apply the substantive law of the state in which the case arose."  Pendergast v. Sprint Nextel Corp., 592 F.3d 1119, 1132-33 (11th Cir. 2010) (citation omitted).

the judicial proceedings; and the district court properly dismissed these claims as barred by Florida's litigation privilege.

Dawley does not specifically argue on appeal that the district court erred by dismissing the four claims in his amended complaint with prejudice for failure to plead fraud with particularity.[6]  Nevertheless, he maintains that the defendants' acts constitute intentional fraud because they failed to follow their own contracts, hid the intent of the contracting parties from the district court, and converted his notes into stock without proper authority.

When alleging fraud, a plaintiff "must state with particularity the circumstances constituting fraud or mistake." Am. Dental Ass'n, 605 F.3d at 1288 (quoting Fed.R.Civ.P. 9(b)).  Under Rule 9(b), a plaintiff must allege (1) the precise statement or misrepresentation made; (2) the time, place, and person responsible for the statement; (3) the content and manner in which the statement misled the plaintiff; and (4) what the defendants gained from the alleged fraud. Id. (citation omitted).

---

[6] Dawley's notice of appeal stated that he was appealing his "seven claims dismissed with prejudice" in his original complaint.  Because both parties briefed all ten of the fraud charges and the defendants specifically briefed the four charges of fraud raised in Dawley's amended complaint, we will consider these claims.  See KH Outdoor, LLC v. City of Trussville, 465 F.3d 1256, 1260 (11th Cir. 2006) (citation omitted) (concluding that a party had appealed a judgment that was not explicitly presented in the notice of appeal where both sides briefed the issue and the opposing party would not be prejudiced).

Dawley's amended complaint -- copied almost word-for-word from his initial complaint -- alleged only that he made multiple unsuccessful requests to Hernandez to honor his existing contracts.  Yet, he does not specify with the requisite particularity how these instances of non-response constitute fraud or the manner in which these failures to respond misled him.  Accordingly, Dawley failed to plead the four fraud claims in his amended complaint with particularity, as required by Rule 9(b), and the district court properly dismissed these claims.[7]

AFFIRMED.

---

[7] Dawley fails to argue on appeal that the district court erred in dismissing his amended complaint with prejudice instead of providing him with another opportunity to amend his complaint; he has abandoned this issue. See N. Am. Med. Corp. v. Axiom Worldwide, Inc., 522 F.3d 1211, 1217 n.4 (11th Cir. 2008) (stating that "issues not raised on appeal are abandoned").