[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT
_____

No. 20-11479
Non-Argument Calendar
_____

D.C. Docket No. 0:19-cv-62223-JEM

MALVIN GARNETT,

Plaintiff-Appellant,

versus

SOUTHWEST AIRLINES CO.,
a Foreign for-profit Corporation,

Defendant-Appellee.

_____

Appeal from the United States District Court
for the Southern District of Florida

_____

(November 17, 2020)

Before WILLIAM PRYOR, Chief Judge, NEWSOM and ANDERSON, Circuit Judges.

PER CURIAM:

Malvin Garnett appeals the dismissal of his complaint against his former employer, Southwest Airlines. Garnett filed a complaint in state court against Southwest for discrimination and for retaliation based on his race and national origin in violation of Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e, his right "to the full and equal benefit of all laws," *id.* § 1981, and the Florida Civil Rights Act, Fla. Stat. § 760.10. Southwest removed the action to the district court, which "upon *sua sponte* review of the record" ordered Garnett to "show cause why [his] action should not be dismissed with prejudice pursuant to the doctrine of claim-splitting or res judicata, given the claims asserted in Case Nos. 19-63050 and 19-20291." The district court later dismissed Garnett's complaint. We affirm.

The district court did not err by *sua sponte* raising the issue of res judicata. Although res judicata is an affirmative defense subject to waiver, a district court can *sua sponte* raise the issue when it has already decided the same claim. *Arizona v. California*, 530 U.S. 392, 412 (2000). The district court invoked the doctrine after having dismissed Garnett's second amended complaint in case number 19-20291, in which he alleged that a national labor union, a local chapter, and union officials "collude[d] with" Southwest to discriminate and retaliate against its African-American employees" in violation of Title VII, section 1981, and state law and after having docketed as case number 19-63050 another complaint in which Garnett alleged similar wrongdoing by Southwest and the labor union. Raising the

2

issue was "fully consistent with the policies underlying res judicata" to prevent Garnett from relitigating issues that were or could have been decided earlier. *See id.*; *Shurick v. Boeing Co.*, 623 F.3d 1114, 1116 (11th Cir. 2010). And Garnett was not prejudiced because he was given an opportunity to be heard before the district court decided the issue.

The district court also did not err by dismissing Garnett's complaint. Res judicata bars a claim when a court of competent jurisdiction has issued a final judgment on the merits in another case that involves the same parties or those in privity with them and that involves the same cause of action. *Id.* at 1116–17. The resolution of case 19-20291 constituted a final judgment on the merits because the district court dismissed Garnett's complaint for failure to state a claim and for failure to exhaust administrative remedies, and he failed either to avail himself of the leave he was given to amend his pleading or to appeal. *See Garfield v. NDC Health Corp.*, 466 F.3d 1255, 1260 (11th Cir. 2006). In the earlier case, Garnett alleged the same wrongdoing and asked for similar relief against parties allegedly in privity with his employer. He alleged that Southwest conspired with a national and a local labor union and union officials to discriminate and retaliate against him. *See Pelletier v. Zweifel*, 921 F.2d 1465, 1501–02 (11th Cir. 1991), *abrogated in part on other grounds as recognized in Douglas Asphalt Co. v. QORE, Inc.*, 657 F.3d 1146, 1151 (11th Cir. 2011). Garnett also acknowledged that Southwest was a

3

proper party to the earlier suit by alleging that he "intended to amend" his complaint after he "received a right to sue letter in regards to Southwest Airlines." Garnett complained that the defendants' "conduct, policies, and practices" were discriminatory and sought reinstatement to his former position with Southwest. Res judicata barred Garnett's complaint against Southwest.

We **AFFIRM** the dismissal of Garnett's complaint.