[DO NOT PUBLISH]

In the

# United States Court of Appeals

## For the Eleventh Circuit

_____

No. 23-10807

Non-Argument Calendar

_____

FURQUAN R. STAFFORD,

Plaintiff-Appellant,

*versus*

KEDRION S.P.A.,
KEDRION BIOPHARMA, INC.,
GRIFOLS INTERNATIONAL S.A.,
GRIFOLS SHARED SERVICES NORTH AMERICA, INC.,
CSL PLASMA, INC., et al.,

Defendants-Appellees,

OCTAPHARMA AG, et al.,

2                    Opinion of the Court                    23-10807

Defendants.

_____

Appeal from the United States District Court
for the Northern District of Georgia
D.C. Docket No. 1:22-cv-00573-VMC

_____

Before WILLIAM PRYOR, Chief Judge, and WILSON and LUCK, Circuit Judges.

PER CURIAM:

Furquan Stafford appeals *pro se* the dismissal of his amended complaint against Kedrion S.p.A.; Kedrion Biopharma, Inc.; Grifols International, S.A.; Grifols Shared Services North America, Inc.; CSL Plasma, Inc.; CSL Behring; and CSL Limited. Stafford, an African-American entrepreneur in blood plasma collection, complained that, since at least 1998, the defendant plasma distributors had refused to contract with him because of his race. 42 U.S.C. § 1981. The district court dismissed with prejudice Stafford's complaint against three domestic distributors—Kedrion Biopharma, Inc., Grifols Shared Services North America, Inc., and CSL Plasma, Inc.—as barred by res judicata. It dismissed without prejudice the complaint against the remaining distributors, many of which were international corporations, for lack of personal jurisdiction. We affirm.

We review a dismissal on res judicata grounds *de novo*. *Kizzire v. Baptist Health Sys., Inc.*, 441 F.3d 1306, 1308 (11th Cir. 2006). Although we ordinarily review the denial of a motion for leave to amend for abuse of discretion, "where the lower court denies leave to amend based on futility of the proposed amendment, we review *de novo* because it is a conclusion that as a matter of law an amended complaint would necessarily fail." *SE Prop. Holdings, LLC v. Gaddy*, 977 F.3d 1051, 1056 (11th Cir. 2020) (quotation marks omitted, alteration adopted).

The district court did not err by dismissing Stafford's complaint against the domestic distributors. Res judicata bars a complaint when a court of competent jurisdiction has issued a final judgment on the merits on another complaint that involves the same parties or those in privity with them and that involves the same cause of action. *Shurick v. Boeing Co.*, 623 F.3d 1114, 1116–17 (11th Cir. 2010). Stafford has filed several lawsuits alleging that the same domestic plasma distributors illegally refused to do business with him because of his race under the Sherman Antitrust Act, 15 U.S.C. §§ 1, 2. His most recent lawsuit, filed in 2020, was dismissed with prejudice for failing to state a claim and resulted in a final judgment on the merits against the same parties—Kedrion Biopharam, Inc.; Grifols Shared Services North America, Inc.; and CSL Plasma, Inc. *See Lobo v. Celebrity Cruises, Inc.*, 704 F.3d 882, 892–93 (11th Cir. 2013). Although that prior suit did not invoke section 1981, Stafford does not dispute the ruling that his complaint arose from the same nucleus of operative fact. *See Manning v. City of Auburn*, 953 F.2d 1355, 1358–59 (11th Cir. 1992).

Instead, Stafford's only argument about the res judicata ruling is that a dismissal for lack of personal jurisdiction does not constitute a decision on the merits. But the district court did not rely on a dismissal for lack of personal jurisdiction in determining that the instant lawsuit against the *domestic* distributors was barred by res judicata. And Stafford does not argue that the district court could exercise personal jurisdiction over the international plasma distributors. *See Sapuppo v. Allstate Floridian Ins. Co.*, 739 F.3d 678, 681 (11th Cir. 2014). The district court correctly ruled that res judicata barred his complaint against the three domestic plasma distributors.

The district court did not err by denying Stafford leave to amend. Fed. R. Civ. P. 15(a). The district court ruled that of the three corporations that he sought to add with his second amended complaint, one of them, CSL Limited, already was a named party over which the district court ruled it lacked personal jurisdiction. As for the other two corporations—Grifols S.A. and Biomat USA, Inc.—the district court ruled, and Stafford does not dispute, that these corporations are in privity with domestic distributor Grifols Shared Services North America, Inc. *See id.* Because res judicata would bar the second amended complaint, and because this was Stafford's fifth unsuccessful lawsuit based on the same allegations, further amendment would have been futile and caused undue delay. *See Cockrell v. Sparks*, 510 F.3d 1307, 1310 (11th Cir. 2007).

We **AFFIRM** the dismissal of Stafford's amended complaint.