**NOT FOR PUBLICATION**

In the

United States Court of Appeals

For the Eleventh Circuit

————————————————

No. 25-14012

Non-Argument Calendar

————————————————

PAUL DONOVAN WALDE,

*Plaintiff-Appellant,*

*versus*

SHARON KERI,

*Defendant-Appellee.*

————————————————

Appeal from the United States District Court
for the Northern District of Florida
D.C. Docket No. 1:25-cv-00259-RH-MJF

————————————————

Before ABUDU, KIDD, and ANDERSON, Circuit Judges.

PER CURIAM:

Paul Walde, proceeding pro se, appeals the district court's determination that claim preclusion barred his complaint challenging the constitutionality of Florida's suspension of his commercial

driver's license and garnishment of his wages due to his failure to comply with his child support obligations. After careful review, we find no error in the district court's dismissal order and affirm.

## I. BACKGROUND

In September 2025, Walde filed the instant suit against Sharon Keri, a process manager for the Florida Department of Revenue, in the United States District Court for the Northern District of Florida. He alleged that Keri directed the Florida Department of Motor Vehicles to suspend his commercial driver's license and instructed his employer to garnish his wages because of his failure to pay child support. Walde indicated that his license was ultimately reinstated in March 2023, but the wage garnishment was still in effect at the time of the filing of the complaint. Walde argued that his license suspension and wage garnishment violated his rights to procedural and substantive due process and equal protection under the Fourteenth Amendment, and the wage garnishment amounted to an unconstitutional taking under the Fifth and Fourteenth Amendments.

This case is not the first time that Walde has challenged the constitutionality of Keri's actions. Indeed, Walde had previously filed suit in the Northern District of Florida against Keri and a "John Doe" defendant in September 2023. We will refer to that case as *Walde I*.

The operative complaint in *Walde I* alleged, in relevant part, due process violations under the Fifth and Fourteenth Amendments, as well as Sixth Amendment violations, all related to the

same 2022 license suspension and wage garnishment. The district court dismissed the complaint in *Walde I* with prejudice for failure to state a claim. Following the district court's denial of several post-judgment motions, Walde appealed the dismissal of his complaint to our Court, but we dismissed his appeal for lack of jurisdiction. *See Walde v. Keri*, No. 24-11631, slip op. at 2 (11th Cir. July 3, 2024).

Because Walde was granted leave to proceed in forma pauperis in the instant case, a magistrate judge sua sponte screened the complaint for frivolity pursuant to 28 U.S.C. § 1915. Recognizing the similarities between *Walde I* and the instant case, the magistrate judge recommended dismissing Walde's complaint as barred by the doctrine of claim preclusion.

Over Walde's objection, the district judge adopted the magistrate judge's recommendation and dismissed Walde's complaint with prejudice. The court found that Walde's arguments in objection did not overcome the magistrate judge's correct claim-preclusion determination and noted that Walde still had not addressed the substantive deficiencies that led to the dismissal of *Walde I*, as nothing in his instant complaint defeated the "unremarkable possibility" that Keri acted in accordance with state law.

Walde now appeals.

## II. STANDARD OF REVIEW

We review de novo a district court's sua sponte dismissal under 28 U.S.C. § 1915(e)(2)(B). *Henley v. Payne*, 945 F.3d 1320, 1331 (11th Cir. 2019). We likewise review a district court's application of

claim preclusion de novo. *Griswold v. Cnty. of Hillsborough*, 598 F.3d 1289, 1292 (11th Cir. 2010).

### III. DISCUSSION

Under the doctrine of res judicata, also known as claim preclusion, a final judgment precludes subsequent litigation of the same claim, regardless of whether relitigation of the claim raises the same issues as the prior suit. *In re Piper Aircraft Corp.*, 244 F.3d 1289, 1296 (11th Cir. 2001). "Dismissal by the court sua sponte on res judicata grounds is permissible in the interest of judicial economy where both actions were brought before the same court." *Shurick v. Boeing Co.*, 623 F.3d 1114, 1116 n.2 (11th Cir. 2010) (citation modified).

Four elements must be present for res judicata to bar a subsequent action: (1) there was a final judgment on the merits in the prior suit; (2) the judgment in that suit was rendered by a court of competent jurisdiction; (3) both suits involve identical parties or their privies; and (4) both suits involve the same cause of action. *In re Piper*, 244 F.3d at 1296. If all four elements are met, the district court determines whether the claims in the instant suit were, or could have been, raised in the prior suit and, if so, will preclude the claims. *Id.* We agree with the district court that all four elements of claim preclusion are met in this case.

The first two elements are met here because there is a final judgment on the merits by a court of competent jurisdiction: the district court in *Walde I*. *See* 28 U.S.C. § 1331; *Federated Dep't Stores, Inc. v. Moitie*, 452 U.S. 394, 399 n.3 (1981) ("[D]ismissal for failure to

state a claim . . . is a 'judgment on the merits.'"); *see also Hart v. Yamaha-Parts Distributors, Inc.*, 787 F.2d 1468, 1470 (11th Cir. 1986) ("A dismissal with prejudice operates as a judgment on the merits unless the court specifies otherwise."). The third element is also satisfied because Walde sued Keri in both *Walde I* and the instant case. *See N.A.A.C.P. v. Hunt*, 891 F.2d 1555, 1560 (11th Cir. 1990).

As to the fourth element, a court must ask "whether a case arises out of the same nucleus of operative facts, or is based upon the same factual predicate, as the former action." *TVPX ARS, Inc. v. Genworth Life & Annuity Ins. Co.*, 959 F.3d 1318, 1325 (11th Cir. 2020) (citation modified). Our Court has concluded that claim preclusion "applies not only to the precise legal theory presented in the previous litigation, but to all legal theories and claims arising out of the same operative nucleus of fact." *Id.* "Causes of action share a nucleus of operative fact if the same facts are involved in both cases, so that the present claim could have been effectively litigated with the prior one." *Rodemaker v. City of Valdosta Bd. of Educ.*, 110 F.4th 1318, 1330 (11th Cir. 2024) (citation modified), *cert. denied*, 145 S. Ct. 2701 (2025). This standard is satisfied here.

In this case, Walde alleged the same due process violations concerning the 2022 license suspension and wage garnishment that he pursued in *Walde I*. The attempted relitigation of these previously rejected claims is exactly what the doctrine of claim preclusion is designed to prevent. *See In re Piper*, 244 F.3d at 1296. While Walde's instant equal protection and takings claims were not raised

in *Walde I*, those claims are still based on the same factual predicate—the 2022 suspension of his license and garnishment of his wages. These claims therefore share a "common nucleus of operative fact" with *Walde I* and could have been effectively litigated in that prior action. *See Rodemaker*, 110 F.4th at 1330; *In re Piper*, 244 F.3d at 1301 ("The issue is not what effect the present claim might have had on the earlier one, but whether the same facts are involved in both cases so that the present claim could have been effectively litigated with the prior one." (quoting *In re Baudoin*, 981 F.2d 736, 743 (5th Cir. 1993)).

Walde suggests on appeal, as he did in his objections to the magistrate judge's recommendation, that claim preclusion cannot be applied to this case because an enforcement action by Virginia Social Services, which was allegedly instituted after *Walde I* was decided, has affected his ongoing wage garnishment. However, Walde has not persuaded us that there has been a "change[] in facts essential to" the previous judgment that would render claim preclusion inapplicable. *Montana v. United States*, 440 U.S. 147, 159 (1979) (discussing collateral estoppel). Indeed, as the district court correctly noted in its dismissal order, Walde made no mention of Virginia Social Services in his complaint, and there is no indication that this agency's purported actions following the suspension and garnishment at the core of this case would impact the viability of Walde's claims or the applicability of claim preclusion to this action.

Accordingly, we find no error in the district court's determination that claim preclusion bars Walde's instant suit against Keri. Because we conclude that the district court did not err in its claim-preclusion determination, our Court need not consider Walde's appellate arguments unrelated to the application of this doctrine, including whether he adequately pleaded constitutional violations or whether Keri is immune from suit.

## IV. CONCLUSION

We **AFFIRM** the dismissal of Walde's complaint.