# FIRST DISTRICT COURT OF APPEAL
## STATE OF FLORIDA

_____

No. 1D17-1553
_____

STERLING BREEZE OWNERS'
ASSOCIATION, INC.,

    Appellant/Cross-Appellee,

    v.

NEW STERLING RESORTS, LLC
and STERLING BREEZE, LLC,

    Appellee/Cross-Appellant.

_____


On appeal from the Circuit Court for Bay County.
James B. Fensom, Judge.

September 5, 2018


OSTERHAUS, J.,

Sterling Breeze Owners' Association brought declaratory, quiet title, and unjust enrichment claims against the company owning commercial space on the ground floor of its high-rise condominium building in Panama City Beach. The Association alleged that New Sterling Resorts, LLC's four ground-floor commercial parcels could not be owned in fee simple outside of the condominium form of ownership. And it sought to oust New Sterling Resorts from the building and to have its property transferred to the Association's members. The Association also asserted an unjust enrichment claim because New Sterling

Resorts failed to pay for its share of utilities and other expenses in the building. The outcome below was mixed. Each party won a claim and lost a claim. The trial court granted summary judgment for New Sterling Resorts on the declaratory and quiet title claims. But it ruled for the Association on the unjust enrichment claim after a bench trial. Both parties have appealed. We now affirm in part and reverse in part.

I.

In 2008, a developer recorded a declaration of condominium for a new 22-story high-rise on Panama City Beach called Sterling Breeze. According to the Declaration of Condominium, the building included 145 residential units and common elements, which were part of the condominium, as well as four ground-floor "associated commercial parcels" (ACPs), which were not part of the condominium. The developer retained fee simple ownership of the four ACPs, which were particularly described in the Declaration (as well as in an "Associated Commercial Parcels Easement and Reservation" agreement between the Association and the developer which was attached to the Declaration). The Easement and Reservation Agreement provided that the ACPs would be used for commercial purposes in the building. The ACPs's owner would "maintain at its cost and expense the interior of the [ACPs], [as well as be] responsible for all expenses for services including, but not limited to, utilities related to the use thereof."

Some six years later, in August 2014, the Association sued to nullify the Declaration's reservation of the ACPs. By that time, New Sterling Resorts operated one of the four ground-floor parcels as a wine bar, another as a guest gym, and a third as a laundry facility. The fourth ACP was being used for storage. The Association challenged the Declaration's original reservation, asserting that because the ACPs were airspace, they could not be privately owned in fee simple apart from the condominium. It asked that the ACPs be divested from New Sterling Resorts and given to the Association's members as tenants in common.

The Association also brought an unjust enrichment claim to recoup unpaid expenses for utilities, maintenance, and security benefits provided to the ACPs, which New Sterling Resorts hadn't paid.

2

The court ultimately disposed of the declaratory relief and quiet title claims by granting summary judgment in favor of New Sterling Resorts. After a bench trial, the court ruled for the Association on the unjust enrichment claim and awarded it $332,752.93 in damages.

## II.

### A.

The circuit court's order granting summary judgment involves a pure question of law that we review de novo. *Hill v. Suwannee River Water Mgmt. Dist.*, 217 So. 3d 1100, 1102 (Fla. 1st DCA 2017).

The Association would oust New Sterling Resorts from its property on the theory that Florida's common law doesn't allow air space to be owned in fee simple separate and apart from the ground surface. But we disagree that this case turns on common law property principles. Here, the developer identified and recorded the disputed property in 2008 under Florida's condominium law, chapter 718, Florida Statutes. The Declaration of Condominium submitted land that it particularly described to the condominium form of ownership—including the common elements and many airspace-residential units in the high-rise building—while reserving other airspace on the ground-floor for the developer outside of condominium ownership. Not only did the Declaration of Condominium particularly identify and reserve the ACPs for ownership separate from the condominium, but the Association signed an easement and reservation agreement attached to the Declaration acknowledging that the ACPs would be commercial space reserved by the developer. And so, irrespective of how the common law might have addressed separate owners of surface space and airspace, the disputed airspace in this case was identified and reserved via a declaration of condominium and associated agreement recorded under chapter 718, Florida Statutes, which specifically addresses airspace. *See Maronda Homes, Inc. of Fla. v. Lakeview Reserve Homeowners Ass'n, Inc.*, 127 So. 3d 1258, 1268 (Fla. 2013) (recognizing that the common law yields where it is inconsistent with state law). Resolution here thus depends on the statute.

3

Under the Declaration of Condominium filed in this case, almost all of the airspace in the 22-story high-rise was made part of the condominium. But four airspace parcels were carved out in the Declaration and reserved for ownership outside of the condominium. Consistent with this arrangement, Florida's condominium law recognizes that condominiums may encompass both airspace and portions of airspace. The statute's definition of "condominium property" includes "*lands . . .* subjected to condominium ownership, whether or not contiguous." § 718.103(13), Fla. Stat. (emphasis added). *See also Beach Club Towers Homeowners Ass'n v. Jones*, 231 So. 3d 566, 570-71 (Fla. 1st DCA 2017) (relying on the definition of condominium property). In turn, the statute's definition of "land" provides that a declaration of condominium may include "all or any portion of the airspace" as condominium property:

> "Land" means the surface of a legally described parcel of real property and includes, *unless otherwise specified in the declaration* and whether separate from or including such surface, **airspace** lying above . . . such surface. However, *if so defined in the declaration*, the term **"land" may mean all or any portion of the airspace** . . . and may exclude the surface of a parcel of real property and may mean any combination of the foregoing, whether or not contiguous, or may mean a condominium unit.

§ 718.103(18), Fla. Stat. (emphasis added). Contrary to the Association's argument, neither the definition of "condominium property," nor "land," requires that all of the airspace be included within condominium ownership. Rather, the statute contemplates that portions of airspace may be included or excluded, which is what occurred here. The declaration in this case subjected most (but not all) of the airspace to condominium ownership, which is permissible under the statute.

We therefore agree with the trial court's statutory interpretation and decision to grant summary judgment on the declaratory and quiet title claims here. Florida law does not require divestment of the ACPs from New Sterling Resorts.

4

B.

We also agree with New Sterling Resorts' legal argument on its cross-appeal. The Association prevailed on an unjust enrichment claim based upon New Sterling Resorts' failure to pay ACP-related expenses for utilities, maintenance, security, and the like. But however blameworthy New Sterling Resorts' conduct might be, an unjust enrichment claim cannot prevail in this case because a contract prescribes the parties' rights and responsibilities for such expenses.

Florida law is clear that "a plaintiff cannot pursue a quasi-contract claim for unjust enrichment if an express contract exists concerning the same subject matter." *Diamond "S" Dev. Corp. v. Mercantile Bank*, 989 So. 2d 696, 697 (Fla. 1st DCA 2008). And in this case, paragraph seven of the ACP Easement and Reservation agreement, which was appended to the Declaration of Condominium, obligated the owner of the ACPs to "be responsible for all expenses for services including, but not limited to, utilities related to the use thereof." In other words, the agreement specifically addresses the expenses for unpaid services and utilities sought in the Association's lawsuit. Because a contract covers this matter, we reverse and remand the judgment on Count III and direct that judgment be entered for New Sterling Resorts on this quasi-contractual claim.

III.

For these reasons, this appeal is AFFIRMED in part, REVERSED in part, and REMANDED with directions.

WETHERELL and RAY, JJ., concur.

_____

***Not final until disposition of any timely and authorized motion under Fla. R. App. P. 9.330 or 9.331.***

_____

5

John Cottle and Leslie D. Sheekley of Becker & Poliakoff, P.A., Fort Walton Beach, for Appellant/Cross-Appellee.

John P. Daniel, Terrie L. Didier, and Joseph A. Passeretti of Beggs & Lane, RLLP, Pensacola, for Appellee/Cross-Appellant.