[DO NOT PUBLISH]

In the

# United States Court of Appeals

## For the Eleventh Circuit

_____

No. 23-12231

Non-Argument Calendar

_____

JEFFREY LANCE HILL, SR.,
individually; Aggrieved Party and as Real Party
in Interest of El Rancho No Tengo, Inc.,

Plaintiff-Appellant,

*versus*

LEANDRA G. JOHNSON,
individually & officially,
GREGORY S. PARKER,
individually & officially,
WILLIAM F. WILLIAMS, III,
individually & officially,
JOEL F. FOREMAN,
individually and as Columbia County attorney,

2                    Opinion of the Court                23-12231

JENNIFER B. SPRINGFIELD, et al.,

                                        Defendants-Appellees.

                    _____

            Appeal from the United States District Court
                 for the Middle District of Florida
            D.C. Docket No. 3:20-cv-00895-TJC-PDB

                    _____

Before JORDAN, BRANCH, and LUCK, Circuit Judges.

PER CURIAM:

Jeffrey Lance Hill, Sr. appeals the district court's dismissal of (1) four of Hill's claims because of judicial immunity, (2) five of Hill's claims under the *res judicata* doctrine, and (3) Hill's final claim for lack of subject matter jurisdiction. All of Hill's claims arise out of a nearly 20-year-old dispute with his local government concerning the maintenance of a reservoir on his property. This appeal is the latest in a long line of suits Hill has filed in state and federal court since this dispute began. After careful review, we affirm in part and remand in part.

## I.    Background

Hill brought this lawsuit in 2020 against the Honorable Leandra G. Johnson; the Honorable Gregory S. Parker; the Honorable William F. Williams, III (collectively the "judicial

defendants"); two Florida attorneys, Joel F. Foreman and Jennifer B. Springfield; Suwannee River Water Management District ("the District"); Columbia County, Florida ("the County"); City of Lake City, Florida ("the City"); and Michael Smallridge (all collectively, "defendants").    Hill's allegations recount his long-running, litigation-filled dispute with various local-government entities since 2006.

According to Hill's latest complaint, in 2003 he and his family lived on approximately 800 acres of land in the County, which they operated as a farm via a corporation called El Rancho No Tengo, Inc.  The land features a reservoir bounded by dikes.  In 2003, the District discovered that an emergency spillway on the reservoir had failed, which resulted in significant flooding and erosion downstream, beyond Hill's property.  The District informed Hill that he must obtain an environmental resource permit ("ERP") issued by the District to repair the breach, but Hill never sought an ERP.

In 2006, Hill attempted to repair the reservoir and dikes without an ERP.  The District sued Hill to stop him, alleging that Hill's activities rendered the reservoir structurally unsound and subject to failure.  In 2007, Judge Johnson awarded the District an injunction that allowed the District to enter Hill's land and demand an ERP for his construction.  Hill unsuccessfully appealed.  In 2008, Judge Johnson awarded the District a $100,000.00 fine against Hill.  Hill again unsuccessfully appealed.  In 2010, Judge Parker, now overseeing Hill's case, authorized the District to drain the

reservoir.  Hill alleged that the drainage caused water to flow onto 120 acres of his land.  Judge Parker also awarded $280,376.20[1] in fees and costs to the District.  Judge Parker ordered the sheriff to place a levy on Hill's land to satisfy the judgment in the District's favor.  The sheriff scheduled the sale of Hill's land for May 3, 2011, but Hill filed for bankruptcy immediately beforehand.  Hill "obtained no relief in the bankruptcy court," and the District took possession of Hill's land as scheduled on May 3, 2011.

In August 2011, Hill and his wife filed a "land takings case in state court; case no.: 11-340CA."  During this litigation, Hill alleges that Springfield, who was an attorney in the case, moved to hold Hill in contempt of court.  In 2016, the state court granted summary judgment for the District.  Subsequently, Judge Parker "assigned 'all cases involving Plaintiff'" to Judge Williams.  Hill alleged that Judge Williams, then "acting as a state circuit judge, denied Plaintiffs' motion to rehear [Judge] Parker's Order which granted judicial immunity to take land to the" District.  Hill alleged that the "Parker/Williams decisions as to immunity have been reversed."

In 2017, the County sought a receiver for property which, according to Hill, "belonged to Plaintiff and [h]is son."  During this litigation, Hill alleges that Foreman, who served as the County's attorney, filed a false document.  Judge Williams, "acting as a state circuit judge in [the] County," granted the County's request,

---

[1] In various places, Hill also alleges this figure was $280,276.20 or $260,376.20. The precise figure is irrelevant to the outcome of this appeal.

appointed Smallridge as the County's receiver, and directed Smallridge to assume control over the reservoir and make all necessary repairs. Judge Williams also entered an order allowing the County and the District to enter Hill's property. Thereafter, the City also entered Hill's land to work on the reservoir and surrounding dikes.

In 2019, Smallridge entered Hill's land and performed further work on a water line. Smallridge later returned with employees and installed another water pipe. Then in 2020, Hill alleges that the District entered his property again and drained the reservoir, "allowing the approximately 50 million gallons of water to drain onto Plaintiff's property."

Out of these underlying facts, Hill has initiated multiple federal lawsuits. As relevant to this appeal, in 2015, Hill filed suit against the District in the Middle District of Florida seeking a declaration that the District lacked authority to seek an injunction against him in the 2006 proceedings, that the state court lacked jurisdiction in the 2006 litigation, and that the District violated his federal statutory and constitutional rights. Hill also asked the district court to quiet title to his land. The district court dismissed the action with prejudice because the issues Hill raised in his complaint were "litigated to finality in state court" and barred by

"the doctrines of *res judicata*, collateral estoppel, and *Rooker-Feldman*."[2]

In 2017, Hill filed another case in the Middle District of Florida against the judicial defendants, Foreman, Springfield, the District, the County, and the City. His allegations and claims in that lawsuit mirror his allegations and claims in this case. The district court dismissed Hill's complaint with prejudice, finding that "[a]s has been detailed in prior orders entered in Plaintiff's related cases, Plaintiff's Complaint fails to state any claim upon which relief can be granted in this Court." We affirmed. *See Hill v. Johnson*, 787 F. App'x 604, 605 (11th Cir. 2019).

In 2020, Hill filed this lawsuit. He asserted ten claims: (1) a takings claim against Judge Johnson; (2) an excessive-fines claim against Judge Johnson; (3) a takings and due-process claim against Judge Parker; (4) a due-process, takings, and jury-trial claim against Judge Williams; (5) a takings and due-process claim against Foreman; (6) an equal-protection claim against Springfield; (7) a takings claim against the District; (8) a takings claim against the County; (9) a takings claim against the City; and (10) a takings claim against Smallridge.

In 2022, Hill moved to supplement his pleadings. The defendants also moved to dismiss Hill's complaint. The district

---

[2] *See Rooker v. Fid. Tr. Co.*, 263 U.S. 413, 415–16 (1923); *Dist. of Columbia Ct. of Appeals v. Feldman*, 460 U.S. 462, 476–82 (1983).

court dismissed[3] Hill's complaint with prejudice and denied Hill's motion to file supplemental pleadings. The district court dismissed Counts I through IV based on judicial immunity, Counts V through IX based on *res judicata*, and Count X for lack of subject matter jurisdiction. Hill timely appealed.

## II.    Discussion

Hill appeals the applicability of judicial immunity and *res judicata* to his claims. Hill also argues that the district court had subject matter jurisdiction over his final claim. Finally, Hill appeals the district court's denial of his motion to file supplemental pleadings.

### A.    *Hill's Counts I through IV are barred by judicial immunity*

The district court dismissed Hill's first four claims based on judicial immunity. On appeal, Hill argues that the judicial defendants' actions in his previous state cases were void and did not confer judicial immunity on the judicial defendants. Specifically, Hill argues that the judicial defendants acted without jurisdiction and cannot be immune from takings claims.[4]

---

[3] The district court previously dismissed with prejudice Hill's complaint. We vacated and remanded the decision in light of an intervening decision from this Court. *Hill v. Johnson*, No. 21-12271, 2022 WL 3155832 (11th Cir. Aug. 8, 2022); *see also Behr v. Campbell*, 8 F.4th 1206 (2021).

[4] Hill also argues that Judge Williams was not properly appointed as a circuit judge. Thus, according to Hill, Judge Williams lacks judicial immunity for any actions taken as a circuit judge. As we will explain below, this argument fails

"We review *de novo* a district court's grant of judicial immunity." *Smith v. Shook*, 237 F.3d 1322, 1325 (11th Cir. 2001). State judges are typically entitled to judicial immunity in suits for money damages. *Stump v. Sparkman*, 435 U.S. 349, 355–56 (1978).

We apply a two-part test to determine whether a state judge is entitled to judicial immunity when sued under 42 U.S.C. § 1983 for money damages. *Simmons v. Conger*, 86 F.3d 1080, 1084 (11th Cir. 1996). First, we consider "whether the judge dealt with the plaintiff in a judicial capacity." *Id.* Determining "judicial capacity depends on whether: (1) the act complained of constituted a normal judicial function; (2) the events occurred in the judge's chambers or in open court; (3) the controversy involved a case pending before the judge; and (4) the confrontation arose immediately out of a visit to the judge in his judicial capacity." *Sibley v. Lando*, 437 F.3d 1067, 1070 (11th Cir. 2005). "If the judge was dealing with the plaintiff in his judicial capacity, . . . the second part of the test is whether the judge acted in the clear absence of all jurisdiction." *Simmons*, 86 F.3d at 1085 (quotations omitted); *see Stump*, 435 U.S. at 357. A judge acts in the clear absence of all jurisdiction if he lacked "subject matter jurisdiction over the matter forming the basis for . . . liability." *Dykes v. Hosemann*, 776 F.2d 942, 943 (11th Cir. 1985) (*en banc*).

---

because Judge Williams was lawfully appointed to temporarily serve as a circuit judge.

Hill sued the judicial defendants for money damages. Accordingly, we turn to the two-pronged analysis to determine the applicability of judicial immunity. *See Simmons*, 86 F.3d at 1084–85.

First, the judicial defendants acted in their judicial capacity. Hill alleged that the judicial defendants injured him through the following actions: (1) granting a permanent injunction; (2) imposing a $100,000 penalty against Hill; (3) issuing orders to drain the reservoir and allow water to flow onto Hill's land; (4) imposing $280,376.20 in fees and costs against Hill; (5) holding Hill in contempt of court and jailing him; (6) issuing a foreclosure judgment to the District; (7) overruling Hill's objections; (8) assigning Hill's cases to Judge Williams; (9) ruling that Hill's land was not unlawfully "taken"; (10) issuing an order allowing the County to take a portion of Hill's land; and (11) issuing other orders. These actions are quintessential judicial functions: granting injunctions, imposing penalties, and issuing orders. *See Sibley*, 437 F.3d at 1070.[5] And as Hill alleged, the judicial defendants undertook these alleged actions in cases pending before them. Accordingly, the judicial defendants meet the first prong for receiving judicial immunity. *See Simmons*, 86 F.3d at 1084.

---

[5] Hill also argues that "draining a pond and flooding fields[] isn't part a[n]d parcel of the judicial process, or functionally comparable to the work of judges." (quoting *Hill v. Suwanee River Water Mgmt. Dist.*, 217 So. 3d 1100, 1102 (Fla. 1st DCA 2017)). That argument, however, fails against the judicial defendants who, in this case, engaged only in "the work of judges—making decisions, resolving disputes, adjudicating rights, processing cases, and the like." *Hill*, 217 So. 3d at 1102.

Second, the judicial defendants did not act in the clear absence of all jurisdiction. Hill fails to allege that any of the judicial defendants lacked subject matter jurisdiction over his state-court cases. Indeed, Hill concedes that "circuit courts . . . possess the power to hear" his cases.[6] *See* Fla. Stat. § 26.012(2)(a), (g) (defining circuit courts' original jurisdiction to include "all actions at law not cognizable by the county courts" and "all actions involving the title and boundaries of real property"). Accordingly, the district court properly dismissed Hill's first four claims based on judicial immunity.[7] *See Simmons*, 86 F.3d at 1084–85; *Dykes*, 776 F.2d at 943.

B.    *Hill's Counts V through IX are barred by* res judicata

The district court held that Hill's fifth through ninth claims were barred by the doctrine of *res judicata*. On appeal, Hill argues that the parties and causes of action are different in this case than in his previous cases, and other courts have not adjudicated his takings claims. Defendants argue that Hill's 2017 federal suit precludes this suit. We agree with defendants.

---

[6] Again, to the extent Hill argues that Judge Williams was not properly appointed to be a circuit judge, we will explain below why that argument fails.

[7] In opposition to this conclusion, Hill argues that judicial immunity is unavailable for takings claims. We find no support for Hill's position. Although a judicial order may effect a taking, *see Stop the Beach Renourishment, Inc. v. Fla. Dep't of Env't Prot.*, 560 U.S. 702, 714 (2010) (plurality opinion), plaintiffs still may not sue judges for money damages when the requirements for judicial immunity are met, *see Simmons*, 86 F.3d at 1084–85.

"At all times the burden is on the party asserting res judicata (here, [defendants]) to show that the later-filed suit is barred." *In re Piper Aircraft Corp.*, 244 F.3d 1289, 1296 (11th Cir. 2001). We apply federal common law "to determine the preclusive effect of a prior federal court judgment." *Baloco v. Drummond Co., Inc.*, 767 F.3d 1229, 1246 (11th Cir. 2014). Under federal common law, a prior decision prevents plaintiffs from bringing related claims "when the prior decision (1) was rendered by a court of competent jurisdiction; (2) was final; (3) involved the same parties or their privies; and (4) involved the same causes of action." *Rodemaker v. City of Valdosta Bd. of Educ.*, 110 F.4th 1318, 1324 (11th Cir. 2024) (quotation omitted). As for the second element, dismissals with prejudice and dismissals for failure to state a claim are final judgments on the merits. *NAACP v. Hunt*, 891 F.2d 1555, 1560 (11th Cir. 1990); *Hart v. Yamaha-Parts Distribs., Inc.*, 787 F.2d 1468, 1470 (11th Cir. 1986). As for the fourth element, *res judicata* "extends not only to the precise legal theory presented in the previous litigation, but to all legal theories and claims arising out of the same operative nucleus of fact." *Hart*, 787 F.2d at 1470 (quotation omitted). We review the district court's decision on privity for clear error, but we review the remaining elements *de novo*. *Rodemaker*, 110 F.4th at 1327.

All four elements of *res judicata* are present between this suit and Hill's 2017 federal suit. First, Hill filed the 2017 case in the Middle District of Florida, which was a court of competent jurisdiction concerning Hill's federal claims arising from a real property dispute within that district. *See* 28 U.S.C. §§ 1331

(establishing federal-question jurisdiction), 89(b) (defining the Middle District of Florida to include Columbia and Suwannee Counties). Second, the district court dismissed Hill's 2017 complaint with prejudice for failure to state a claim, which is a preclusive final judgment. *See Hunt*, 891 F.2d at 1560; *Hart*, 787 F.2d at 1470. Third, Hill names identical parties in Counts V through IX of this complaint as he did in his 2017 suit: the City, the County, Foreman, Springfield, and the District. Fourth, Hill's claims in Counts V through IX of this complaint involve the same causes of action as his 2017 claims: takings, excessive fines, and due process. In any event, both disputes "aris[e] out of the same operative nucleus of fact"—Hill's fight with local governmental entities over construction at the reservoir. *Hart*, 787 F.2d at 1470 (quotations omitted). Because all four elements for *res judicata* are met, Hill's 2017 suit precludes his Counts V through IX in this suit. *See Rodemaker*, 110 F.4th at 1324.

> C.    *The district court lacked subject matter jurisdiction over Hill's Count X*

The district court held that it lacked subject matter jurisdiction over Count X, Hill's claim against Smallridge, because Smallridge was a receiver, and the court that appointed Smallridge as a receiver never granted Hill permission to sue Smallridge. On appeal, Hill argues that Judge Williams "was not a duly authorized judge" who could appoint a receiver.

We review a dismissal for lack of subject matter jurisdiction *de novo*. *Soul Quest Church of Mother Earth, Inc. v. Att'y Gen.*, 92 F.4th

953, 964 (11th Cir. 2023). When reviewing such a dismissal, we may not consider the merits of the claim; "we have jurisdiction . . . merely for the purpose of reviewing the district court's determination that it could not entertain the suit." *Id.*

In *Barton v. Barbour*, the Supreme Court stated that "[i]t is a general rule that before suit is brought against a receiver[,] leave of the court by which he was appointed must be obtained." 104 U.S. 126, 127 (1881). This rule, known as the "*Barton* doctrine," is jurisdictional: "a court does not have 'jurisdiction, without leave of the court by which the receiver was appointed, to entertain a suit against him for a cause of action arising in the State in which he was appointed and in which the property in his possession is situated.'" *Chua v. Ekonomou*, 1 F.4th 948, 953 (11th Cir. 2021) (quoting *Barton*, 104 U.S. at 137); *see also Asset Recovery Grp., LLC v. Cabrera*, 233 So. 3d 1173, 1176 (Fla. 3d DCA 2017) ("The *Barton* doctrine has been recognized in Florida, and [it] applies equally whether a state court appointed receiver is sued in state court . . . [or] in federal court." (quotation and internal citations omitted)).

The *Barton* doctrine precludes Hill's claim against Smallridge. In August 2017, Judge Williams appointed Smallridge to be a receiver over the reservoir. The receivership authorized Smallridge to enter Hill's property and repair or alter the reservoir as necessary. Hill's allegations against Smallridge concern Smallridge's entry onto Hill's property and alteration of the reservoir, *i.e.*, Smallridge's powers as receiver. Hill fails to allege that he sought "leave of the court by which [Smallridge] was

appointed" as a receiver before Hill sued Smallridge based on Smallridge's actions as a receiver. *Barton*, 104 U.S. at 127. Accordingly, if Smallridge's appointment was proper, then Hill's failure to get permission from the court means that the district court lacked jurisdiction over Hill's claim against Smallridge. *See id.* at 137; *Chua*, 1 F.4th at 953.

Hill, however, argues that Judge Williams was not duly authorized to appoint Smallridge as a receiver. According to Hill, "Williams' territorial jurisdiction lies in Lafayette County, Florida," so Judge Williams is not "qualified" to exercise jurisdiction in Columbia County, Florida.

Hill is wrong. According to the Florida Constitution, the Chief Justice of the Supreme Court of Florida "shall be the chief administrative officer of the judicial system; and shall have the power to assign justices or judges . . . to temporary duty in any court for which the judge is qualified." Fla. Const. art. V, § 2(b). Florida law entitles the Chief Justice to designate "county court judge[s] . . . on a temporary basis to preside over circuit court cases." Fla. Stat. § 26.57. The designee judge "may be required to perform the duties of circuit judge in other counties of the circuit as time may permit and as the need arises." *Id.* Florida Rule of General Practice and Judicial Administration 2.215(b)(4) then delegates the Chief Justice's assignment power to the chief judge of each judicial circuit court. *See Physicians Healthcare Plans, Inc. v. Pfeifler*, 846 So. 2d 1129, 1133 (Fla. 2003). Florida's third judicial

23-12231               Opinion of the Court                    15

circuit includes Columbia and Suwannee Counties. Fla. Stat. § 26.021(3).

Judge Williams could appoint Smallridge as a receiver in Columbia County because he had been lawfully appointed as a circuit judge in the third judicial circuit. Initially, Judge Williams was a Suwannee County judge. *See* Third Judicial Circuit of Florida, *General Assignment of Judges No. 2017-055 July 1, 2017– September 4, 2017*, at 3.[8] The chief judge of the third judicial circuit lawfully appointed Judge Williams to be a circuit judge of Florida's third judicial circuit. *See id.* at 4; Fla. Stat. § 26.57. This appointment authorized Judge Williams to exercise jurisdiction in Columbia County because Columbia County is also in the third judicial circuit. *See* Fla. Stat. § 26.021(3). Accordingly, Judge Williams was qualified to appoint Smallridge as a receiver of Hill's property in Columbia County.[9] Thus, the district court lacked subject matter jurisdiction over Hill's claim against Smallridge, a lawfully appointed receiver, because Hill failed to get permission from the court before suing Smallridge. *See Chua*, 1 F.4th at 953.[10]

---

[8] This order is available at https://thirdcircuitfl.org/wp-content/uploads/AO-2017-055-GENERAL-ASSIGNMENT-OF-JUDGES-JULY-1-2017-SEPTEMBER-4-2017.pdf [https://perma.cc/GX63-LJEN].

[9] To the extent Hill conclusorily argues that Fla. Stat. § 367.165 did not authorize the County to place his land into receivership, we reject that argument as meritless. *See* Fla. Stat. § 367.165(2).

[10] Although the district court correctly concluded it lacked subject matter jurisdiction over Hill's claim against Smallridge, the district court erred by dismissing this claim with prejudice. *See Stalley ex rel. United States v. Orlando*

D.     *The district court properly denied Hill's motion to supplement his pleadings*

The district court denied Hill's motion to supplement his complaint.    On appeal, Hill argues that this denial allows defendants to continue to unjustly take his property.    Hill's argument fails.

"We review a district court's decision to deny leave to amend for abuse of discretion." *Woldeab v. DeKalb Cnty. Bd. of Educ.*, 885 F.3d 1289, 1291 (11th Cir. 2018).    "Where a more carefully drafted complaint might state a claim, a plaintiff must be given at least one chance to amend the complaint before the district court dismisses the action with prejudice." *Id.* (quotation omitted).    "But a district court need not grant leave to amend when . . . a more carefully drafted complaint could not state a claim." *Id.* (quotation omitted).

The district court properly denied Hill leave to supplement his complaint.    Hill's requested amendments add further allegations that Judge Williams has continued to act "completely absent jurisdiction," and the District has continued its unlawful taking of his property by draining the reservoir.    As discussed, Hill has repeatedly tried to litigate these issues, and they are precluded. Thus, the district court properly denied Hill's motion because his

*Reg'l Healthcare Sys., Inc.*, 524 F.3d 1229, 1232, 1234–35 (11th Cir. 2008). Accordingly, we will "remand in part so that the district court can reenter its dismissal order without prejudice." *Id.* at 1235.

amendments "could not state a claim." *Woldeab*, 885 F.3d at 1291 (quotation omitted).

### III.    Conclusion

For the foregoing reasons, we affirm in part the judgment of the district court dismissing with prejudice Hill's first nine claims. But because the district court lacked subject matter jurisdiction over Hill's claim against Smallridge, that claim should have been dismissed without prejudice. Thus, we remand with instructions that the district court reenter its judgment accordingly.

**AFFIRMED IN PART AND REMANDED IN PART.**